# Speers *et al.* v. Banks.

*Bill in Equity to enjoin Sale of Decedent's Land for the Payment of Debts.*

1. *Sale of intestate's land; purchaser from widow and heirs a party interested, and can contest application for sale; when bill for injunction without equity.*—The purchaser of land from a widow and heirs at law of an intestate is a party interested in the estate within the meaning of the statute (Code of 1886, § 2106), allowing any party interested in the estate to contest in the probate court an application made therein for the sale of land to pay debts of the estate; and being able to obtain the adequate relief in the probate court by a contest of the application for the sale, such purchaser must pursue that remedy and cannot maintain a bill in equity to enjoin the proposed sale. (*Banks v. Speers*, 103 Ala. 447, in so far as it holds to the contrary of this proposition, overruled.)

2. *Same; deficiency of assets of the estate to pay debts caused by devastavit will not justify a sale of the land.*—In order to justify the order of sale of the lands of a decedent's estate for the payment of debts, a deficiency in fact of the assets of the estate is necessary; but if

[Speers *et al.* v. Banks.]

such deficiency has been brought about by mal-administration, or by devastavit committed by the personal representative, a case is not made out justifying an order of sale.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee, William Banks, against the appellants.

The principal material facts of the case are substantially the same as they were on the former appeal, and as shown by the statement of facts contained in the report of the case in 103 Ala. 436, to which report special reference is here made.

After the affirmance in this court of the decree of the chancellor, the complainant amended his bill so as to show that before the issuance of the injunction in the case the administrator *de bonis non* had taken possession of the land under the writ of possession issued on the judgment in the ejectment suit in the circuit court, and further amended his bill by striking out the prayer for the removal of the administration from the probate court into the chancery court, and by inserting a prayer for a writ of possession and on an accounting by the administrator *de bonis non* of the rents received by him.

The purpose of this bill as amended is to obtain an injunction against the order of sale in the probate court, to obtain a writ of possession restoring him to the possession of the lands, and an accounting for rents and profits received by the administrator.

To the bill as thus amended, the respondents demurred upon many grounds, among which was that it is shown by the averments of the bill that the plaintiff has an adequate remedy at law. There was also a motion made by the respondents to dismiss the bill for the want of equity. The demurrers of each of the respondents and their respective motions to dismiss the bill were overruled. From this decree overruling the demurrers the respondents appeal, and assign the rendition thereof as error.

COLEMAN & BANKHEAD and T. L. SOWELL, for appellants.—1. The bill alleges that the personal assets left by M. D. Burchfield were sufficient to pay all the debts and costs. This being the case, there could be no order

[Speers *et al.* v. Banks.]

of sale of these lands by the probate court.—*Banks v. Speers,* 96 Ala. 560; *Warren v. Hearne,* 82 Ala. 554; Code of 1886, § 2104. In *Banks v. Speers,* 103 Ala. 436, the court says that this application to sell the lands could not be resisted in the probate court by William Banks. In rendering that decision, the court overlooked the last line in section 2106 of the Code. This provides that the application for the sale of the lands "may be contested by any party interested in the estate." Is William Banks interested in the estate of M. D. Burchfield, deceased? If so, he had the right to resist the application. In *Banks v. Speers,* 97 Ala. 560, the court says, that he is entitled to all the proceeds of the sale of the land, except such as may be necessary to pay the debts and expenses of administration. The assignee of an heir is a party interested in the estate.—*Vincent v. Daniel,* 59 Ala. 602; *Graham v. Abercrombie,* 8 Ala. 522; *Petty v. Wafford,* 11 Ala. 143; *Smith v. Hall,* 20 Ala. 777; *Simmons v. Knight,* 35 Ala. 105.

2. Being a party in interest, Banks had a right to come in and resist the application, whether he was a necessary or proper party originally to the proceeding or not.—*Byrd v. Jones,* 84 Ala. 336; *Kelly v. Garrett,* 67 Ala. 304. In addition to his right to come in and resist the application as assignee of the heirs of Burchfield, he was also a creditor of Burchfield's estate, having purchased Long's judgment against the administrator *de bonis non.* This made him interested in the estate. *Byrd v. Jones,* 84 Ala. 336; *Kelly v. Garrett,* 67 Ala. 304.

3. And Banks having failed to interpose this defense to the action of ejectment, he has no right to relief against it in a court of chancery.—*Moore v. Faggard,* 51 Ala. 525; 3 Brick. Dig. 347, § 230.

W. H. SMITH, Jr., APPLING & McGUIRE and H. L. WATLINGTON, *contra.*—The remedy at law, if appellee had such, is not clear but doubtful, and being doubtful, gives chancery jurisdiction.—1 Brick. Dig. 640, §§ 110, 111. Where at law the defense is doubtful or difficult, equity will take jurisdiction.—1 Brick. Dig. 640, §§ 110, 111. A remedy at law can not be said to be clear and not doubtful, when this court in its former opinion held that it did not exist at all. The statute does not even require notice of the day of trial of the issue in the pro-

bate court to be given to any one other than the heirs. Code of 1886, § 2107. The purchaser from the heirs may never know of the day set for hearing of such petition until after order of sale. In this respect most certainly the purchaser from the heirs has not a clear remedy at law. The remedy must not only be clear, but adequate.

The jurisdiction over estates of deceased persons conferred upon the court of probate does not divest the chancery court of its original jurisdiction; and whenever the power of a court of probate is not adequate to grant full relief to the parties in interest, resort may be had to chancery.—1 Brick. Dig. 647, § 120. Banks succeeds to the rights of the heirs. Therefore, he may, without assigning any special reason, go into equity for settlement, and there do complete justice.—1 Brick. Dig. 648, § 127; *Hill v. Armistead*, 56 Ala. 118; *James v. Faulk*, 54 Ala. 184; *Teague v. Corbitt*, 97 Ala. 529; *Moore v. Randolph*, 70 Ala. 575; *Bragg v. Beers*, 71 Ala. 151; 3 Brick. Dig. 334, § 63.

The questions now presented to the court, on the present appeal, were considered and passed on when the case was formerly before the court on two other appeals. *Banks v. Speers*, 103 Ala. 436; *Banks v. Speers*, 97 Ala. 560.

HARALSON, J.—Section 2106 of the Code, having reference to the application for the sale of lands for the payment of debts or for division, by whom and to whom made, provides that such an "application may be contested by any party interested in the estate." The appellee, Banks, shows in his bill, that he purchased from the widow and heirs at law of M. D. Burchfield, deceased, the intestate,—including S. R. Burchfield, his administrator in chief,—the lands mentioned in the bill, and which are sought, on the application of the administrator *de bonis non*, John Speers, to be sold by the decree of the probate court of Walker county, for the payment of debts; that he paid the purchase price therefor,—$2,500,—in full, and received a conveyance of them, with warranty of title, from the vendors.

The bill sets up a state of facts to show that the estate of intestate owed no debts for payment of which said lands are liable to be sold, which averments, if true,

and are properly presented to said probate court, should prevent the granting of an order of sale, on the application of the administrator *de bonis non.*

When the case was last here, we said : "Complainant has shown that he is the owner of said lots, and the party really interested to resist the application of the administrator *de bonis non* in the probate court, for an order for their sale to pay debts. He was not, and in the nature of things could not be, a party to those proceedings. He has a right, therefore, to apply to the chancery court for its injunction against an order to which the administrator, under the averments of the bill, had no right, and the granting of which, in that court, he was powerless to prevent."—*Banks v. Speers*, 103 Ala. 447.

Upon further deliberation, we feel constrained to recede from the ruling in that case, holding that the appellee could not become a party to said probate proceedings, and to hold, that said Banks, having succeeded by purchase to the right and title of all the parties interested in said lands, is, as to this application for their sale, under said section of the Code, a "party interested in the estate," and may, on his application to the court, be let in to contest said application of the administrator for their sale, just the same as the original parties in interest from whom he purchased, without having parted with their interest, might have done. If he may do this, the same reasons, and the same facts he sets up in his bill in equity as grounds for enjoining the granting of an order of sale by said probate court, are as available, on a contest of said application, in said court, against the granting of said order of sale, as they would be in the equity court.

Speers, the administrator *de bonis non*, did not take or acquire possession of these lots, as is shown, until after the expiration of eighteen months allowed for the presentation of claims against the estate, and his right of possession was, therefore, only *prima facie* ; and, as was said in the first appeal, "it is met and successfully overcome, if there are no debts or expenses of administration to be paid, or if there have been sufficient assets for these purposes, which have been wasted or misapplied. * * And it requires a deficiency in fact to justify the order of sale. If the deficiency has been brought about by mal-administration, or by a devastavit committed by the

personal representative, a case is not made justifying an order of sale. He and his sureties are the parties to be looked to."—*Banks v. Speers*, 97 Ala. 569. If Speers should be defeated in his application for the sale of the lots, he would be liable in ejectment at the suit of Banks for the recovery of the possession of them. If not needed for the purpose of paying debts of the estate, his right of possession would fail.

If Banks, then, may contest this application, and make the same insistence in the probate court against its granting, as in the chancery court, it would seem his remedy at law is complete, and there is no necessity for his invoking the jurisdiction of the latter court, for the assertion and recovery of his rights.

There are no other facts stated in the bill to give the equity court jurisdiction, which are purely of equitable cognizance, and the result is, that the bill is without equity, and was liable to the demurrer interposed to it.

The decree of the court below is reversed and the cause remanded.