[Loeb, et al. v. Wolff, et al.]

# Loeb, et al. v. Wolff, et al.

*Bill in Equity to compel Determination of Claims to Real Estate and to quiet Title thereto.*

1. *Bill in equity to determine claims to real estate and to quiet title; equity of such bill.*—Where, in a bill filed under the act of the General Assembly, approved December 10, 1892, (Acts of 1892-93, p. 42), "to compel the determination of claims to real estate * * * and to quiet the title to the same," the averments are sufficient to entitle the complainant to the benefit of the act, the fact that in such bill the complainant, after setting out in detail his chain of title to the real estate involved, also averred in detail the source of the respondent's claim to the land in controversy, by which averments it was shown that such claim was so unfounded as to occasion no doubt of complainant's title, does not take away the equity of the bill; the very purpose of the bill being "to compel the determination of claims to real estate * * * * and to quiet the title to the same," the complainant was entitled to a decree on such facts, if true, and if the facts as to the respondent's interest were not correctly stated, it was the respondent's duty to set out by answer the source of his title, and upon the hearing of such case, a decree should be rendered determining the title to the property involved in the suit.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellants against the appellees, under the statute approved December 10, 1892.—Acts of 1892-93, p. 42. The facts of the case are sufficiently stated in the opinion.

The appeal is from a decree of the chancellor granting a motion of the defendants to dismiss the bill for the want of equity; and the rendition of this decree is assigned as error.

TOMPKINS & TROY, for appellants, cited *Cheney v. Nathan,* 110 Ala. 254; *Bogert v. City of Elizabeth,* 27 N. J. Eq. 572; *Holland v. Challen,* 110 U. S. 15; *Reynolds v. Crawfordsville Bank,* 112 U. S. 405; *March v. England,* 65 Ala. 275; *Rea v. Longstreet,* 54 Ala. 291.

18

GORDON MACDONALD, *contra*, cited *Gassenheimer v. Gassenheimer*, 108 Ala. 651.

COLEMAN, J.—The appellants filed the present bill under an act entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same." The first section of said act (Acts of 1892-93, p. 42) reads as follows : "*Be it enacted by the General Assembly of Alabama,* that when any person is in peaceable possession of lands, whether actual or constructive, in this State, claiming to own the same, and his title thereto, or to any part thereof, is denied or disputed, or any other person claims, or is claimed or reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or incumbrance thereon, and no suit shall be pending to enforce or test the validity of such title, claim or incumbrance, it shall be lawful for such person so in possession to bring and maintain a suit in equity to settle the title of said lands, and to clear up all doubts and disputes concerning the same, the bill of complaint in such suit shall describe the lands with certainty and shall name the person who claims or is claimed or reputed to have such title or claim or interest in, or incumbrance on, said lands, and shall call upon such person to set forth and specify his title, claim, interest or incumbrance, and how and by what instrument the same is derived or created."

The complainants aver in their bill, that they are in the peaceable possession of the lot of land which is specifically described, claiming to own the same, and no suit is pending to enforce or test the validity of such title or claim. The bill avers that the respondents are reputed to own an interest in the lot and by reason of such claim, complainants are prevented from selling their property. The prayer is, that a decree be rendered declaring that respondents have no interest in said lot, and for general relief. It would seem that these averments, under the provision of the act, are sufficient to entitle the complainants to the benefit of the act. The court dismissed the bill for want of equity. We presume the court held there was no equity in the bill, upon the ground, that complainants set out in detail their chain of title to the lot, and also the foundation of the reputed claim of the respondents, and inasmuch as there could

be no uncertainty as to the conclusion of law upon the facts averred, the complainants did not present a case within the provisions of the act. In this we do not agree with the equity court. The case made by the bill, it seems, is within the letter and spirit of the act. If complainants had omitted entirely from the bill the source of respondents' reputed claim, as might well have been done, and respondents by answer, had averred in detail as the foundation of their interest in the lot, the facts averred by the complainants as the source of their claim, there can be no doubt that complainants would have been entitled to a decree declaring the status of the title of respondents. The complainant's rights in this respect cannot be affected by the fact that they undertook to aver in the bill, the source of the respondents' claim. If the facts as to respondents' interest were not correctly stated by the complainants, and their interest proceeded from an entirely different source or rested upon other facts, it was the privilege as well as the legal duty of the respondents "to specify and set forth the estate, interest or incumbrance so claimed, and if not claimed in or upon the whole of said lands, to specify and describe the part in or upon which the same is claimed and to set out the manner in which, and the sources through which, such interest, estate or incumbrance is claimed to be derived," as provided in the third section of said act; the very purpose being, "to compel the determination of claims to real estate,   *   *  and to quiet the title to the same." It may be, (a question we do not decide), that the bill may have been subject to special demurrer, in so far as it attempted to limit the investigation of respondents' title to the source specified in the bill; but if this be true, it was amendable in this respect, and did not justify a dismissal of the bill for want of equity.

Reversed and remanded.