[Garland v. Bostick, Admr. and Stephens, Gdn. v. Garland.]

adjudged, to avoid protracting the litigation, we have carefully examined the evidence to ascertain for what sum judgment should have been rendered, with a view to the rendition of the proper judgment here. Without discussing the evidence in detail, and after giving precedence to the attachments levied before the attachment of the appellees was levied, and after ascertaining the value of the property on which the levies were made, we are of opinion, the appellees were not entitled at the time of the trial to recover a sum exceeding four hundred dollars, and for this sum with the interest thereon to this day, a judgment will be rendered against the appellants and their sureties on the *supersedeas* bond, together with the costs of suit in the court below. The appellees will pay two-thirds of the costs of appeal, and the appellants one-third thereof.

Reversed and rendered.

# Garland v. Bostick, Admr.,

### and

# Stephens, Guardian, v. Garland.

*Proceedings to set aside Homestead Exemptions.*

1. *Decedent's estate; homestead exemption to widow and minor children; when selection unnecessary.*—When the area and value of a homestead, which was occupied by the decedent at the time of his death. does not exceed the limit and value allowed by law as exempt, and the homestead is not a part of a larger tract of land, (Code of 1886, § 2543; Code of 1896, § 2069), a selection of such property by the widow and minor child or children, or either, is unnecessary to enforce the right of homestead exemption; since in such case, the law, without the doing of any act on the part of the widow or minor child or children, or either, intervenes and attaches the right of homestead exemption to such property as absolutely and unconditionally as if the particular property had been specifically selected and set apart as a homestead.

[Garland v. Bostick, Admr. and Stephens, Gdn. v. Garland.]

2. *Same; homestead exemption; not lost by temporary renting.*
Under the act approved February 28, 1889, (Acts of 1888-89,
p. 113; Code of 1896, § 2101), "for the protection of widows
and minor children," providing that when homestead exemp-
tion has been allotted to the widow and minor child, or chil-
dren, or either, they shall not be held to have abandoned or
forfeited the same by removal therefrom, the fact that the
widow (no minor child or children surviving) after the death
of her husband, resided for a few weeks on the homestead oc-
cupied by him at his death, and then leased it during a tem-
porary absence therefrom, does not constitute an abandonment
of such homestead, nor does such leasing result in a forfeiture
by her of the right to have it set apart to her as her home-
stead, exempt from administration and the payment of debts.

3. *Same; when homestead exemption can not be claimed in tracks
of land not contiguous.*—Where a decedent and his wife occu-
pied a house and lot in a town, which they owned jointly, as
their homestead, and they also owned a small house in a dif-
ferent part of the town, which was rented to a tenant who
paid the rent by doing the laundry for the family, and also
owned an eighty-acre farm in the country, receiving as rent
therefor a certain proportion of what was raised on the farm,
which was used towards the support of the family, and at
times wood was cut from said farm and used by the family,
the said farm and rented house constitute no part of the
homestead; and, therefore, can not be included in a home-
stead set apart to the widow, in a proceeding instituted for
that purpose.

APPEAL from the Probate Court of Jackson.

Heard before the Hon. WILLIAM B. BRIDGES.

This was a proceeding, instituted in the probate
court of Jackson county, by Mrs. Sallie Garland, to
have set apart to her a homestead in the estate of her
deceased husband, John C. Garland.

The facts in this case are in substance as follows:
John C. Garland died intestate in Jackson county, in
August, 1896, leaving Sallie Garland, the appellant, sur-
viving him as his widow. He had no lineal descend-
ants, and his brothers and sisters and their descendants
were his heirs-at-law. At the time of his death and for
several years prior thereto, he lived in Scottsboro and
occupied as his homestead a house and lot in said town,
which was owned by him and his wife jointly. They
also owned another house and lot jointly, situated in

the same town about one-fourth of a mile from the homestead, and a tract of land containing eighty acres, situated in the county, about one and a half miles from town.

The evidence for the plaintiff tended to show that the decedent, for several years before his death, rented out the 80 acre farm; while the evidence for the defendant was to the effect that he rented said farm not for money, but for a certain proportion of what was raised on the place, and that whatever was paid him he used towards the support of his family; and that at times, while the said place was rented, wood was cut from the place and hauled to his house in town occupied as a homestead. The decedent rented the house and lot in town not occupied as a homestead, usually to a tenant who washed and ironed for him, and the washing and ironing was about all he received for the use of said house and lot. After his death his widow continued to occupy the homestead for five or six weeks. She then went to stay for awhile with her niece who lived in said town. During this absence some of her household goods remained in the house and some of them she took to the home of her niece. In January, 1897, said widow rented said homestead premises to J. H. Young until October, 1897, and from the date of said renting to the hearing of this case, said Young occupied said homestead, and had the exclusive use and control of the same.

On April 20, 1897, an order was made appointing B. D. Gross administrator of the estate of John C. Garland; and in said order it was decreed that a commission issue to certain named appraisers, authorizing and requiring them to set apart to Sallie Garland, the widow of the deceased, the exemption allowed by law to widow and minor children. This commission to said appraisers was regularly issued and they made their report, in which they allotted and set apart to the widow the house and lot in Scottsboro, which was occupied by the decedent at the time of his death, and also the farm in the country, as a homestead. Said house and lot and farm were of an aggregate value of less than two thousand dollars.

On the final report of said commissioners, the administrator and the *guardian ad litem*, who had been appointed for the minor heirs, filed exceptions thereto; the grounds of the exception being that the 80 acre farm in the country was not a part of the homestead, and that if the widow had been entitled to the homestead exemption she was not then entitled thereto by reason of her abandonment; the said house and lot in the town of Scottsboro being at that time occupied by tenants. The court set aside the report of the commissioners as to the 80 acre farm in the country, and rendered a decree confirming the report as to the house and lot in the town of Scottsboro, alloting and setting apart that house and lot to the widow as exempt. The other house and lot, which was rented to the washerwoman of the widow was never allotted as a part of the homestead. From this decree the widow appeals, and assigns as error the setting aside by the court of the report of the commissioners as to the 80 acre farm. The guardian *ad litem* of the minor heirs took a cross appeal from the judgment confirming the report as to the house and lot, and assigned the rendition thereof as error.

After the cause was on appeal in this court, the resignation of B. D. Gross, as administrator of the estate of John C. Garland, deceased, was suggested, and by consent, the cause was revived in the name of F. J. Bostick, as administrator *de bonis non*.

J. E. Brown, for petitioner.—The facts of this case bring it directly within the principle declared in the case if *Dicus v. Hall*, 83 Ala. 159; *Hodges v. Winston*, 95 Ala. 514.

The leasing of the premises was not an abandonment or a forfeiture of the right of homestead.—Acts of 1888-89, p. 113; *McConnaughy v. Baxter*, 55 Ala. 379; *Barber v. Williams*, 74 Ala. 331; *Caldwell v. Pollak*, 91 Ala. 357.

Tally & Proctor, *contra*.—The homestead occupied by the decedent at the time of his death is the one to which the widow is entitled, and the one to be allotted.

Code, 1886, §2550. The theory upon which two tracts of land in the country, occupied and used as one tract of land, can be claimed as a homestead, cannot apply to a homestead in town and a farm in the country.—*Dicus v. Hall*, 83 Ala. 159; *Hodges v. Winston*, 95 Ala. 514; *Jaffrey v. McGough*, 88 Ala. 648.

The homestead which the widow is entitled to claim and have alotted to her is the "homestead of any resident of this State * * * with the improvements and appurtenances," and there is a clear distinction between urban homesteads and rural homesteads, and the court cannot extend the right and combine the two in one, without going beyond reasonable limits, and without violating the spirit and purpose of the law, and the former express intent of the legislature.—*Turner v. Turner*, 107 Ala. 465.

On the cross-appeal, the question presented is that the widow forfeited her right to the homestead when she leased it. The widow's right is that of occupancy. She has no right which she can convey or lease, and when she conveys or leases the homestead she abandons it and her right is lost. It is conceded she does not forfeit her right by a mere temporary absence from it, but when she leases it so that her right to occupancy is cut off, whether for a short or long period is immaterial, she abandons its use and the right of the heirs is not cut off. *Barber v. Williams*, 74 Ala. 331; *Norton v. Norton*, 94 Ala. 481; *Banks v. Speers*, 97 Ala. 560; *Miller v. Marr*, 55 Ala. 322.

The act of February 28th, 1889, cannot have any influence upon this case because the homestead had not been allotted at the time Mrs. Garland leased same to J. H. Young.

HARALSON, J.—It is claimed by the guardian *ad litem* of the infant defendant, that the widow, Mrs. Garland, forfeited her right to the homestead, when, shortly after the death of her husband, she moved from and leased it temporarily to another. This contention has no foundation, unless it could be justified under that chapter of the Code of 1886, which begins with section

2507. But that chapter relates exclusively to "exemptions from levy and sale under process."

In the case before us, the husband owned and resided on the town homestead in question, which was less in value than $2,000, and died leaving his widow in possession thereof. Such a case is governed, not by the chapter of the Code above referred to, but by the succeeding chapter, *two*, which relates to "homestead exemption in favor of widow and minor children." Section 2543 of this last named chapter, provides for a homestead "in favor of such widow and minor child or children, or either, in any event, during the life of the widow, and the minority of the child or children, whichever may last terminate," and provides further that "the rents and profits of such homestead, if there be a widow and no minor child, shall enure to her benefit during her life; or if there be a minor child or children, and no widow, then to the benefit of such child or children during minority," etc.

In this latter class of exemptions it is well understood that in cases where the value of the personal property of a decedent, and the area and value of the homestead do not exceeed in value that allowed by law to the widow and minor children, there is no necessity for the widow or minors to lay claim thereto by having it set aside to her or them. The law interferes and attaches to such property as absolutely as if the particular property had been selected, set apart and exempted; and this would be the case whether there had been administration on the estate of the husband or father or not.—*Jackson v. Wilson,* 117 Ala. 432.

Moreover, the legislature by an act approved February 28th, 1889, (Acts 1888-89, p. 113), "For the protection of widows and minor children," provided in substance, that when homestead exemption has been allotted to the widow and minor child or children, or either, they shall not be held to have abandoned or forfeited the same by removal therefrom.—Code, 1896, § 2101.

We discover no error in the ruling of the court, setting aside and declaring the exemption in favor of the widow, to the house and lot in the town of Scottsboro where the husband resided at the time of his death, and that

the same had not been forfeited because the widow had rented and temporarily moved from it.

It is unnecessary to discuss the facts of the case, relied on by appellant, to show that the court erred in setting aside the report of the commissioners in allowing the widow as part of the homestead the 80 acre farm in the country; and in not allowing the small tenement house in the town, as a part of the homestead exemption. Neither, under the facts disclosed, had any connection with the town 'homestead, in such sense as to make it a part thereof. The discussion of analogous facts and the decisions of this court in analogous cases, render it unnecessary to repeat the argument here.— *Dicus v. Hall,* 83 Ala. 159; *Jaffrey v. McGough,* 88 Ala. 648; *Hodges v. Winston,* 95 Ala. 514.

The decree of the Probate Court is affirmed in the main case, and on the cross-appeal by the guardian *ad litem.*

Affirmed.