# Inge *et al. v.* Demouy.

### *Bill in Equity to Quiet Title to Land.*

1. *Statutory bill to quiet title; complainant need not offer to satisfy incumbrance.*—In a bill filed under the statute to compel the determination of claims to real estate and to quiet title to the same, (Code of 1896, § § 809, 810), in which it is alleged that the defendant claims an interest or incumbrance upon said lands, it is not necessary, in order to maintain such bill, that the complainant should offer to do equity by paying and satisfying any claim or incumbrance which may be decreed to be a valid and subsisting claim on said land.

2. *Same; insufficiency of description.*—A bill filed under the statute to compel the determination of claims to real estate and to quiet the title, must describe the land with certainty; and a description of the property involved as a lot on the south side of a certain street in a given city, between two other designated strets, giving the dimensions of the lot and its depths, and describing it as being next east of a certain named person's lot, is insufficient; since such description is not sufficiently certain to always identify the property.

3. *Same; when demurrer for insufficiency of description of lot involved properly overruled.*—Where a bill is filed under the statute to quiet title to three specifically described lots in a certain town, and two of the lots are sufficiently described, but

[Inge *et al.* v. Demouy.]

the description of the other is insufficient, a demurrer to the whole bill, upon the ground that it "fails to describe the lands with certainty," is properly overruled.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellee against the appellants, Z. M. P. Inge ,individually and as trustee for the bondholders of the city of Mobile, and L. H. Kennerly individually and as tax collector. The purpose of the bill was to compel the determination of claims and to quiet title to certain lands, which are described in the bill as follows: "That certain house and lot on the south side of Dauphin street between Conception and Joachim streets, having a front of twenty-eight (28) feet and (7) inches on Dauphin street by a depth of one hundred and ten (110) feet, more or less, being next east of Sangrouber's.

"Also that certain house and lot on the south side of St. Michael street, between St. Joseph and Conception streets, fourth west of St. Joseph street, having a front of sixty-four (64) feet on St. Michael street and extending back with the same width, eighty-three (83) feet.

"Also that certain house and lot on the west side of Royal street, second south of Eslava street, having a front on Royal street of sixty-two (62) feet, and a depth of one hundred and sixty (160) feet."

The defendant demurred to the bill upon several grounds. The only two grounds of demurrer which are insisted upon on this appeal, are copied in the opinion.

Upon the submission of the cause on the demurrers, the chancellor rendered a decree overruling them. From this decree the defendants appeal, and assign the rendition thereof as error.

GREGORY, L. & H. T. SMITH, for appellants, cited *Ward v. Janney,* 104 Ala. 122.

FIELDING VAUGHAN, *contra,* cited *Alabama Nat. Bank v. Halsey,* 109 Ala. 207; *Weems v. Weems,* 69 Ala. 104; *Hays v. Anderson,* 57 Ala. 374; *Chambers v. Wright,* 52 Ala. 447.

DOWDELL, J.—The bill in this case was filed under sections 809 and 810 of the Code, "To compel the determination of claims to lands and to quiet title."

1.   We notice that the bill in its averments closely follows the statute, and contains all that is required to be averred.—*Adler v. Sullivan*, 115 Ala. 582; *Cheney v. Nathan*, 110 Ala. 254; *Loeb v. Wolff*, 116 Ala. 273; *Parker v. Boutwell*, 119 Ala. 297.

The only two assignments of error insisted on by appellants in their brief and argument, are the overruling the two grounds of demurrer to the bill, viz.: "Because it [the bill] alleges that the defendants claim an interest or incumbrance upon said lands, but fails to offer to do equity by paying and satisfying any claim or incumbrance which may be decreed to be a valid and subsisting claim;" and "Because the bill of complaint fails to describe the lands with certainty." The statute does not require, nor was it necessary for, the complainant in his bill to offer to do equity by satisfying any claim or incumbrance which defendants may have had on the lands. This alleged requirement was outside the purview of the statute, the purpose of which is,—without denying the authority of the court taking jurisdiction under such a statutory bill, to go on and settle the claims of the parties in respect to the land,—"simply to fix the status of the land in respect to ownership, (and) to re-establish by the decree muniments of title to it."—*Cheney v. Nathan, supra; Friedman v. Shamblin,* 117 Ala. 454; 23 So. Rep. 821.

2.   The ground of demurrer in respect to the description of the land, as given in the bill, was general as to the three separate lots therein referred to and described. The description of the first lot mentioned is, "That certain lot on the south side of Dauphin street, between Conception and Joachim streets, having a front twenty-eight feet and seven inches on Dauphin street, by a depth of one hundred and ten feet, more or less, being next east of Sangrouber's." The decree in a case of the kind, as we have heretofore said, is not intended to be presently executed, but is to stand for all time as a muniment of title. This description is not void for uncertainty, in a bill where the decree is to be presently executed. It is one of

those uncertain descriptions, in a case of the character, which may be aided by parol, and comes within the maxim, *"Id certum est, quod certum reddi."* Where Sangrouber's lot is, could now be easily ascertained by parol, and the description given would enable a surveyor, at the present time, to locate it, and thereby locate the lot referred to in the bill.—*Homan v. Stewart,* 103 Ala. 650; *Griffin v. Hall,* 115 Ala. 482. But Sangrouber's possession and ownership of his lot are not necessarily continuous, and such a description as the one given is, therefore, necessarily ephemeral. The description, in order to meet the requirements of the statute, should have been of a character sufficiently certain to identify the lot always hereafter, in its muniments of title. The landmarks employed, we apprehend, fall short of that certain, continuous identification of the property which is necessary. The descriptions of the other two lots seem to be sufficiently certain. They are enduring.—*Ward v. Janney,* 104 Ala. 122.

But, as stated, the demurrer went, to the whole bill, in which two lots were, and the third was not, well described, and was, therefore, properly overruled.—*George v. C. R. R. & B. Co.,* 101 Ala. 607; *Durling v. Hammar,* 20 N. J. Eq. 220; 1 Daniel Ch. Pl. & Pr., § 583; 6 Ency. Pl. & Pr. 418; Story's Eq. Pl., § § 443, 693.

Affimed.

HARALSON, J., not sitting.