# Newell *et al. v.* Johns.

*Proceedings by Administrator for the Sale of Lands for the Payment of Intestate's Debts.*

1. *Decedent's estate; homestead exemption to widow; when selection unnecessary.*—When the area and value of a homestead which was occupied by decedent at the time of his death does not exceed the value and limit allowed by law as exempt, and the homestead is separate and apart from other property owned by decedent, a selection of such property by the widow (there being no minor children) is unnecessary, in order to enforce the right of homestead exemption; and the right of the widow to such property as a homestead exemption attaches at once, and is as affective as if the particular property had been selected and set apart to her as a homestead.

2. *Same; same; same; sale thereof.*—Where the area and value of a homestead, which was occupied by the decedent at the time of his death, does not exceed the limit allowed by law as exempt, and is not a part of a larger tract of land, and the decedent left a widow but no minor children, a sale of such homestead by the widow passes title to the purchaser; and this is true, although said homestead had not been set apart to the widow by regular proceeding.

3. *Same; sale of intestate's land; purchaser from a widow a party interested, and can contest application for sale.*—Where a homestead which was occupied by the decedent at the time of his death did not exceed in area and value the limit allowed by law as exempt, and he left no minor children, a purchaser of said homestead from the widow is a party interested in the estate within the meaning of the statute (Code, § 158), allowing him to contest an application made for the

[Newell *et al.* v. Johns.]

sale of decedent's lands to pay the debts of his estate; and this is true, although at the time of the purchase, said property had not been set apart to the widow as a homestead.

APPEAL from the Probate Court of Cleburne.

Heard before the Hon. A. A. HURST.

On December 12, 1898, the appellee, T. J. Johns, as administrator of the estate of J. R. Newell, deceased, filed his petition in the probate court of Cleburne county, asking for the sale of certain lands therein described, belonging to the estate of said J. R. Newell, deceased, for the payment of decedent's debts, on the ground that the personal property belonging to said estate was insufficient for such purposes. It was alleged in said petition, that J. R. Newell left surviving him a widow, E. R. Newell, and three children, all of whom were over the age of 21 years. The widow, E. R. Newell, filed in the probate court her answer in writing to the petition of the administrator. In the first paragraph of said answer she averred that she was the widow of J. R. Newell, deceased; that she and her husband occupied and lived on the lands described in the petition, as a homestead, and that said lands constituted the homestead of her said husband at the time of his death; that they did not exceed 160 acres in area, or $2,000 in value, and that therefore said lands were exempt to her as a homestead and not subject to be assailed for payment of decedent's debts. In the second paragraph of the bill, after again averring that at the time of her husband's death she and the deceased were occupying the lands as a homestead, and she further averred that her said husband died on January 11, 1895, but that letters of administration were not issued to the petitioner until January 21, 1896, more than six months from the date of the death of her husband. It was further averred in said paragraph that the intestate left no minor children, but three children who were over the age of 21 years; that on July 15, 1895, she, the said E. R. Newell, and the three adult children of the intestate, executed a deed to one Sox to the lands in question; that after the execution of said deed, upon being informed that she could not convey the property until the land had

been set apart to her as a homestead by order of the probate court, she filed a petition in said court on July 19, 1895, and on the same day the lands were set apart to her as the widow of the intestate as a homestead; but it was averred that by reason of a defect in said petition the probate court had no jurisdiction to set apart said lands as a homestead. It was further averred that on July 22, 1895, she executed another deed to said lands to D. A. Sox, and that on July 22, 1895, the said D. A. Sox sold and conveyed the lands to M. A. Rhodes and Jonathan Fadley. It was also averred in the second paragraph of the answer of E. R. Newell that on and before February 12, 1894, her deceased husband owned a certain other tract of land containing 40 acres, but on said day he executed a mortgage thereon to secure a debt and that the amount of said debt at the death of the intestate was more than the value of said land, and that the mortgage had been foreclosed; that these pieces of land constituted all of the real estate owned by the intestate at the time of his death. She then prayed that said lands described in the petition be set apart to her as a homestead for the use of said Rhodes and Fadley.

In the third and fourth paragraphs of said answer, the respondent denied that there were any debts owing by the decedent at the time of his death for which said lands were liable, and also denied that the decedent owned any personal property exceeding $1,000 at the time of his death.

M. A. Rhodes and Jonathan Fadley, as purchasers of said land, also filed an answer to the petition, and they adopted as a part thereof the first and second paragraphs of the answer of Mrs. E. R. Newell, and they denied in said answer that there was any legal reason for the sale of said lands.

The petitioner moved the court to strike from the answer of E. R. Newell, and also of M. A. Rhodes and Jonathan Fadley the first and second paragraphs thereof, upon the following grounds: 1st. Said paragraph shows no reason why the court should not grant the order of sale as prayed for in the petition. 2d. That they show that E. R. Newell has abandoned said lands as her home-

[Newell *et al.* v. Johns.]

stead and does not seek to have them set apart to her for a homestead. 3d. That said paragraphs show on their face that E. R. Newell has no interest or claim on the lands described in the petition. 4th. That said Rhodes and Fadley are not proper parties to the proceeding.

On the hearing of this motion, the court granted the same and ordered the first and second paragraphs of said answer stricken. To this ruling the defendants separately excepted. After granting the motion to strike, the petitioner introduced evidence to show the necessity for the sale of said land. It is, however, unnecessary to set out this evidence in detail.

Upon the introduction of all the evidence the court granted the petition and rendered a decree ordering the sale of the lands. From this decree the defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

JAMES AIKEN, for appellant, cited *Garland v. Bostick*, 118 Ala. 209; *Spear v. Banks*, 114 Ala. 324; *Shamblin v. Hall*, 123 Ala. 451; *Smith v. Boutwell*, 101 Ala. 273.

MERRILL & BRIDGES, *contra.*—A widow may and does abandon her homestead right by an alienation before the same is set apart. It is only in cases where it is set apart before removal therefrom that such removal is not an abandonment.—Code, § 2101; *Barber v. Williams*, 74 Ala. 331; *Banks v. Speers*, 97 Ala. 560; *Norton v. Norton*, 94 Ala. 481; Thompson on Homestead Exemptions, § 242.

SHARPE, J.—Under the statutes as they have existed since the passage of the act of February 28th, 1889, relating to exemptions in favor of the widow and children of a deceased debtor (Code, § 2100), occupancy of the homestead has not been requisite to preserve the right of exemption. In *Banks v. Speers*, 97 Ala. 560, the court, in referring to, but without deciding, the question as to whether under that statute a

sale and abandonment of the possession would work a forfeiture of the homestead right, said: "On principle it would seem that it should not." In *Garland v. Bostick*, 118 Ala. 209, that statute was referred to as a reason for the decision made that a leasing did not constitute an abandonment.

The act provided against a forfeiture by removal in the case of "the widow and minor children or child of any deceased husband or father who have had set aside to them or to the widow or minor children or child a homestead," etc. The strict construction contended for by appellee would confine the operation of the act to cases where the homestead had been set aside by valid proceedings had in the court, but such was not the case in either of the decisions we have referred to nor do we think the statute was so intended. Where there must be a selection of lands in order to fix the identity of the exempt property, necessarily the allotment must have been made through the court before either occupancy of a defined part or an abandonment of such part could occur; but where the homestead sought to be retained is that actually occupied by the decedent at the time of his death, and is separate and apart from other lands of the estate and is within the statutory limit as to area and value, the law itself attaches to it the character of exempt property having fixed limits, so that no intervention of a court is needed to establish its status as such.—*Garland v. Bostick, supra; Jackson v. Wilson*, 117 Ala. 432. For a homestead so situated there is no reason why the legislature should have designed a different rule in respect of forfeiture by abandonment than that which applies when the setting aside is ordered by a court.

In case the decedent left no real estate in excess of that exempt by law from the payment of debts, the persons for whose benefit the exemption is created may, under the provision first contained in the act of December 13th, 1892, now in sections 2071 and 2100 of the Code, become invested with the full legal title so far as it resided in the decedent by procuring an order of the probate court declaring the property exempt. See

*Brooks v. Johns,* 119 Ala. 412.    But such proceeding is in no way essential to the establishment or maintenance of the mere right of exemption which shields the homestead from the decedent's debts.    That right exists independent of the provision made for the ultimate disposition of title.

Mrs. Newell should have been allowed to defend upon the facts set up in her answer, showing that the lands described in the administrator's petition constituted the separate homestead of the decedent and were exempt from his debts.

Rhodes and Fadley, as transferees of the decedent's heirs as well as by reason of their contract with his widow, were persons interested in his estate, and as such entitled to defend under section 158 of the Code. *Bank v. Speers,* 114 Ala. 323.

The court erred in granting the motion to strike out parts of the answer of Mrs. Newell, and also in granting the motion to strike out the answers of Rhodes and Fadley.

It is not probable that other questions raised by the assignments of error will arise on another trial.    Let the decree be reversed and the cause remanded.

Reversed and remanded.