[Corona Coal & Iron Co. v. Swindle.]

# Corona Coal & Iron Co. *v.* Swindle.

## *Bill to Quiet Title.*

(Decided July 2, 1907.—44 South. 549.)

*Equity; Amendment of Bill; Discretion.*—Where a bill is dismissed for want of equity for failure in necessary averments, the court may grant time for an amendment, permit an amendment during term time, or dismiss the bill, all of which is in his irrevisable discretion.

APPEAL from Walker Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Dennis Swindle against the Corona Coal & Iron Company, to quiet title. From a decree dismissing the bill for want of equity, and allowing complainant twenty days within which to amend the bill so as to give it equity, respondent appeals. Appeal dismissed.

DAVIS & FITE, for appellant.—The test is not, whether or not the bill may be amended so as to give it equity, but if, from the fact apparent on the face of the bill, it is without equity, it should be dismissed.—*Pate v. Hinson,* 104 Ala. 599; *Bell v. Montgomery Light Co.,* 103 Ala. 275; *Blackburn v. Fitzgerald,* 130 Ala. 589. The bill fails in necessary allegations and the court is not apprised by it of any fact from which it can be said that these defects are amendable.—*Mayor, etc., of Birmingham v. McCormick,* 40 South. 111.

BANKHEAD & BANKHEAD, for appellee.—No brief came to the Reporter.

HARALSON, J.—The bill in this case was filed under the statute (Code 1896, § 809) to quiet the title to land. It fails to aver that there was no suit pending in regard

to the same. The appeal is from the decree of the chancellor, sustaining a motion made by the respondent to dismiss the bill for want of equity. In and by the decree of dismissal, the chancellor allowed 20 days in which the complainant could amend the bill. The appeal in this case was prosecuted by the respondent in the court below, whose motion to dismiss for want of equity was granted; and it is thereby undertaken to assign as error the order of the court permitting an amendment within twenty days.

Undoubtedly, the chancellor could well have dismissed the bill without more, since it fails to even suggest a substantial and material averment necessary to give it equity; and he could during term time have set aside the decree, on application of complainant, for the purpose of having the bill amended so as to give it equity. So likewise he could have extended this privilege for 20 days. All this was within his irrevisable discretion.

It follows that the appeal should be dismissed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.