156 So. 552

**GRAYSON et al. v. ROBERTS.**

8 Div. 579.

Supreme Court of Alabama.
June 14, 1934.

Rehearing Denied Oct. 4, 1934.

David A. Grayson, Cooper & Cooper, and Walter E. Winston, Jr., all of Huntsville, for appellants.

246

Watts & White, of Huntsville, for appellee.

KNIGHT, Justice.

Bill in equity by Bonner Jones Roberts, as executrix of the last will and testament of Hattie Wellborn Jones, deceased, to quiet title to certain lands of her testator, and for the sale of the same to pay debts of the estate.

The bill avers that the complainant in her representative capacity as executrix of the will of said Hattie Wellborn Jones, deceased, was in the peaceable possession of said lands, claiming to own the same as the personal representative of the decedent, and that the respondents Juliet W. Grayson, individually and as guardian of Elizabeth Judd, and Elizabeth Judd (now Elizabeth Judd Bowen) claim, or are reputed to claim, some right, title, or interest in, lien, or incumbrance upon said lands.

The bill calls upon said respondents to set forth and specify "their reputed claim, right, title, interest in, lien, or encumbrance upon said lands, and how and by what instrument, or instruments, the same is derived and created."

The bill seeks to quiet the title to said land as "an incident" (so stated) to the proceeding to sell the same for the payment of the claims lawfully owing by said estate, and the prayer of the bill in this respect is that "the title to such lands between complainant and respondents be settled and all doubts or disputes concerning the same be cleared up."

The bill further avers that the complainant is the only child of said decedent, and is the sole devisee under the will of said Hattie Wellborn Jones, deceased, and the only person interested in the property sought to be sold; that the will of Hattie Wellborn Jones, deceased, conferred no power authorizing the sale of the lands of the decedent for the payment of debts owing by the estate; and "that said estate owes debts in a large amount, and that the personal estate (presumably meaning thereby, personal property) of said decedent is insufficient for the payment of said debts." The bill prays for the sale of the lands for the purpose of paying the indebtedness of the estate.

Numerous grounds of demurrer were interposed by the respondents to the bill as a whole and to the two aspects thereof separately.

There was no general demurrer attacking the equity of the bill in either aspect. The demurrer as filed only pointed out certain supposed imperfections of the bill, not going to its equity.

■ Many grounds of demurrer are directed to that phase of the bill which seeks a sale of lands for the payment of the debts of the estate. Those grounds of demurrer may be disregarded, for the all-sufficient reason that the demurrants, under the averments of the bill, are not interested in the estate of the decedent, and, therefore, are not concerned as to whether the bill is, or is not, sufficient to invoke the jurisdiction of the court, in respect to the sale prayed for. Sections 5847 and 5851, Code.

■■ If, as we may surmise, the appellants are interested in the estate of the decedent by reason of some transaction with the sole devisee, or by reason of some conveyance from her, or has acquired some lien or incumbrance upon the devisee's interest in the lands, they, appellants, can, in this proceeding, by proper pleading and proof, assert their interest, and resist the sale. Speers et al. v. Banks, 114 Ala. 323, 21 So. 834; Newell v. Johns, 128 Ala. 584, 29 So. 609. But with the pleadings as now cast, the right to contest the sale by the respondents does not appear, and if any such right in fact exists in

them, this must be brought forward and shown by appropriate pleadings. Ordinarily only the personal representative, who represents the creditors, and the heirs and widow (in the event there is one) are the proper parties to such proceeding; but by the terms of the statute any person interested in the estate may contest the application. However, any such person, other than the heir or widow, who would contest the sale must show his interest in the estate before he will be heard to contest with the personal representative as to whether the sale should or should not be ordered.

The foregoing will serve to show that the demurrer filed by respondent to that feature of the bill, which seeks a sale of the lands for payment of debts, was properly overruled, and this without committing this court to the conclusion that the bill, on proper demurrer, by a proper party in interest, is sufficiently full in its averments. What constitutes a sufficient bill or petition for the payment of the debts of a decedent has many times been determined by this court.

Many grounds of demurrer were also filed to that phase of the bill seeking to quiet title to the land in question, but many of the grounds have no application whatever to the bill as one to quiet title, and there is no merit in the other grounds assigned.

■ The statute, as originally enacted, did not authorize the personal representative to file a bill to quiet title. Code 1896, § 809, et seq.; N., C. & S. L. Ry. Co. v. Proctor, 152 Ala. 482, 44 So. 669. But the statute now provides that such a bill may be filed, in a proper case, by the personal representative, when in peaceable possession of the land, actual or constructive, in his or her representative capacity. Code, § 9905; Davis v. Daniels, 204 Ala. 374, 85 So. 797.

The demurrer takes the point that the complainant was guilty of laches in seeking the relief prayed for in the bill. There is nothing upon the face of the bill to show, or tending in the slightest way to show, that the complainant is barred by laches from asserting her right, under the statute, to file the present bill. That being true, the demurrer was properly overruled. To be availing, on demurrer, the bill must disclose laches; otherwise the defense must be made by plea or answer. Mullen v. First National Bank of Montgomery, 226 Ala. 305, 146 So. 802; Hogan v. Scott, 186 Ala. 310, 65 So. 209; Glass et al. v. Stamps et al., 213 Ala. 95, 104 So. 237; Gayle et al. v. Pennington, 185 Ala. 53, 64 So. 572; Fowler v. A. I. & S. Co., 164 Ala.

414, 51 So. 393; Greenlees v. Greenlees, 62 Ala. 530; Scruggs v. Decatur Mineral & Land Co., 86 Ala. 173, 5 So. 440; Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006.

■ It is also insisted that the bill is defective and subject to respondents' apt ground of demurrer, in that the complainant does not offer to do equity. There is no merit in this contention, as has been repeatedly held by this court. Inge v. Demouy, 122 Ala. 169, 25 So. 228; Interstate Bldg. & Loan Ass'n v. Agricola, 124 Ala. 474, 27 So. 247.

There is manifestly no merit in the other grounds of demurrer addressed to the feature of the bill, which seeks to quiet title to the land. Many of the grounds of demurrer are wholly inapt. The court, therefore, properly overruled the demurrer, as for any grounds assigned, to this phase of the bill.

■ In the original bill it was averred that "no suit is pending between the complainant and respondents to enforce or test the validity of such right, title, or interest in, lien, or encumbrance upon such lands," but the original bill was amended, and in the amended bill there is no such averment.

There is no general demurrer attacking the equity of the bill in either of its aspects, nor do any of the grounds of the demurrer filed specifically point out the absence of the averment as to "no suits pending," nor does the demurrer in the remotest way hint at this defect in the bill. Of course, to present a proper case, under the statute, the bill should aver that there is no suit pending to enforce or test the validity of such title, claim or encumbrance. We have consistently held that the bill should contain this averment. Parker v. Boutwell & Son, 119 Ala. 297, 24 So. 860; Corona Coal & Iron Co. v. Swindle, 152 Ala. 413, 44 So. 549. And it has been held that an averment that "there is now no suit pending between your orator and said Alabama National Bank (respondent) to enforce or test the validity of such alleged title or claim" is insufficient to meet the requirements of the statute in that respect. Moore v. Alabama National Bank, 139 Ala. 275, 35 So. 648.

■ However, the demurrer does not point out the defect in the bill above alluded to, and we can only consider such defects in the bill as are raised by the demurrer. Code, § 6553; Dickerson v. Winslow, 97 Ala. 491, 11 So. 918; Allen v. Allen, 80 Ala. 154; Humphreys v. Burleson, 72 Ala. 1; Sessions & Leary v. Boykin, 78 Ala. 328; Planters' & Merchants' Mut. Ins. Co. v. Selma Savings

Bank, 63 Ala. 585; Whiteman v. Taber, 203. Ala. 496, 83 So. 595; Buell v. Miller, 224 Ala. 567, 141 So. 223.

It results, therefore, that the decree of the court below is due to be, and is, affirmed.

Affirmed.

All the Justices concur.