116 So.2d 375

**J. C. BARNETT et al.**

**v.**

**W. L. O'NEAL.**

**6 Div. 138.**

Supreme Court of Alabama.

Dec. 10, 1959.

Jas. D. Hammonds, Bessemer, for appellants.

D. G. Ewing and Earl McBee, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the trial court overruling demurrers to the bill of complaint as amended. The original bill was filed by complainant, W. L. O'Neal, against H. B. Douglas, J. C. Barnett, Annie M. Barnett, Jefferson County, a political subdivision of the State of Alabama, the County Commission of Jefferson County, Alabama, composed of W. D. Kendrick, Charles E. Harrison and E. H. Gilmore, Commissioners, and R. Voyt Hill. O'Neal claims to be a judgment creditor seeking to redeem property owned by the judgment debtors, Grady Grubbs and Ellen Grubbs, and which judgments were recorded prior to the foreclosure of an existing mortgage to H. B. Douglas. The judgment of O'Neal against the Grubbs was rendered on the 6th day of February, 1950, for the sum of $3,-000, and the certificate of said judgment

was recorded on, to wit, the 10th day of February, 1950. The Douglas mortgage, dated November 6, 1945, was foreclosed on March 28, 1951, the mortgagee becoming the purchaser, and the foreclosure deed recorded on the 4th day of April, 1951.

It is well to note here that this case is numbered on the circuit court docket as 90392. Two other suits numbered 90393 and 90394, involving different judgment creditors, were consolidated with this suit by agreement, and those cases involve the same facts and law as does Case No. 90392. The respondent, Voyt Hill, claims to have a mortgage on the property involved.

The bill of complaint alleges that after the foreclosure Douglas transferred the property involved to one Mary Ann Jackson (this deed is not recorded), and it was later conveyed by Mary Ann Jackson to respondents, J. C. Barnett and wife, Annie M. Barnett. J. C. Barnett and Annie M. Barnett are the only appellants here.

The bill avers that on November 14, 1952, respondents, J. C. Barnett and wife, Annie M. Barnett, executed a right-of-way deed to Jefferson County conveying a part of the land here involved. It is alleged that Jefferson County paid to the Barnetts some $9,000 for the right-of-way deed, and has constructed the right-of-way across the property.

The bill alleges that demands were made on Douglas, the Barnetts, and Jefferson County for a statement of the amounts necessary to redeem. This demand was made on March 14, 1953. Jefferson County made no response. Douglas and Barnett responded to the demand, but the bill alleges that the amounts were so excessive as to be, in effect, no answer to the demand.

This bill was filed on the 26th day of March, 1953, two days before the statutory period for redemption expired.

The sole insistence of the appellants is that the original bill as amended is defective and subject to demurrer for the reason that the same fails to make a tender of the debt and lawful charges. It is the contention of the appellee that such tender was excused because of the facts alleged in the bill as amended, that is, the purported statements, separately and severally, made by the respondents, the Barnetts and Douglas, including exaggerated and illegal statements, and are so uncertain and insufficient, and so questionable that the complainant in good faith cannot reasonably ascertain the amount required of him to redeem and to whom the same shall be paid; and in consequence thereof does not make a tender in court, but does offer to do equity and to pay whatever amount may be found to be due and justly owing to the defendants, and does offer to credit the debtors with the sum equal to 10 per cent of the amount originally bid at said foreclosure sale.

In a bill to redeem under the statute, the redemptioner must aver a payment or tender of all the amounts by the statute required, or show a valid excuse for failure to make payment or tender before filing. Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Lavretta v. L. Hammel Dry Goods Co., 243 Ala. 34, 8 So.2d 264, 265. It was said in the latter case:

"When the statement of lawful charges claimed includes exaggerated or illegal demands, or if so questionable that the redemptioner acting in good faith cannot reasonably ascertain the amount he should tender for redemption, no tender need be made before filing a bill to redeem. Johnson v. Davis, 180 Ala. 143, 60 So. 799; Francis v. White, 142 Ala. 590, 39 So. 174; Johnson v. Williams, 212 Ala. 319, 102 So. 527; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198."

The bill of complaint in this case alleges in respect to the statements in writing of the debt and all lawful charges, furnished under Sec. 731 of Title 7, Code of Alabama 1940, that:

"* * * The said purported statements, separately and severally, made

by the said respondents Barnett and the said respondent H. B. Douglas, separately and severally, include exaggerated or illegal statements and are so uncertain and insufficient and so questionable that the complainant in good faith cannot reasonably ascertain the amount due and required of him to redeem said real estate above described nor to whom the same should be paid, and in consequence thereof, does not make a tender into Court, but herewith offers to do equity and to pay whatever amount may be found to be due and justly owing to the said defendants, or any of them, and does hereby offer to credit the debtor with a sum equal to 10% of the amount originally bid for said lands, all as provided and required in Section 735, Title 7 of the Alabama Code of 1940."

It is also alleged in paragraph 11 of the bill of complaint:

"Said purported statements furnished to complainant by respondents H. B. Douglas and J. C. Barnett and Annie M. Barnett, that is, Exhibits 'E,' and 'F,' separately and severally, and cumulatively, are exaggerated, excessive and fraudulent, in that no credit is allowed therein for the value of the said buildings and improvements demolished or removed from said real estate, nor any mention whatever made thereof, nor is any credit allowed therein for any sum paid by said County and received by either of said respondents H. B. Douglas, J. C. Barnett or Annie M. Barnett."

On demurrer, the foregoing allegations are taken as true. It is also to be remembered that Douglas did not appeal, and that the county made no response to a demand for a statement in writing, under Sec. 731, Title 7, Code of 1940, of the debt and all lawful charges, nor did the county appeal in this case.

It is certain that the bill of complaint states a cause of action in equity against the county, for the simple reason that the county, while it may have the right to condemn the property in question, in paying for the same, it cannot ignore the lien of the judgment creditor created by the recordation of the judgment in the probate court in the county where the land lies prior to the condemnation proceedings.

A copy of the statement of the debt and all lawful charges made in response to the demand, under the provisions of Sec. 731, Title 7, supra, of Douglas and the Barnetts, are made exhibits to the bill. They appear upon their face to be uncertain, confusing and equivocal as to the amount due, containing unjust demands and failure to give proper credit as is charged by complainant. Under these circumstances, our decision supports the view that a tender is excused. Slaughter v. Webb, supra; Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662; Cummings v. Vann, 215 Ala. 488, 111 So. 229; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198; Lavretta v. L. Hammel Dry Goods Co., supra.

The demurrers to the bill of complaint as amended were properly overruled.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.