150 So.2d 714

**STATE of Alabama**

v.

**Lovick ALLEN.**

I Div. 76.

Supreme Court of Alabama.

Feb. 28, 1963.

John P. Beebe, Robertsdale, for appellee.

SIMPSON, Justice.

The State of Alabama, acting through the Attorney General, filed a statutory in personam bill to quiet title pursuant to § 1109 et seq., Tit. 7, Code of Ala. 1940. Demurrer was filed to the original bill as last amended and was sustained. Appellee then moved to dismiss the amended bill and the motion was granted. This appeal is taken by the State pursuant to § 755, Tit. 7, Code of Ala. 1940, as amended, from the final decree dismissing the bill.

The necessary statutory averments having been made, the sole question presented by this appeal is whether the description in the amended bill of complaint is sufficient when tested by the demurrer. The description is as follows:

"1. The lands described as follows are located and situate within the State of Alabama, County of Baldwin, and within the jurisdiction of this Honorable Court:

MacDonald Gallion, Atty. Gen., Julius Cage, Jr., and R. E. L. Cope, III, Asst. Attys. Gen., and Maurice F. Bishop, Sp. Asst. Atty. Gen., for appellant.

"'The west·600·feet of·Section ·2 and all of· Section 3;· Township 4 South, Range 33 West, Tallahassee Meridian, Baldwin ·County, Alabama, together with any and·all accretions thereto.

"This property sometimes being known and called Florida Point, bounded on the North by Old River and Perdido Pass and on the West by Perdido Pass and on the South by the Gulf of Mexico."

Taking the allegations of the bill as true, which we must do when tested by demurrer (Titus v. Nieheiser, 269 Ala. 493, 114 So.2d 242; Barnett v. O'Neal, 270 Ala. 58, 116 So.2d 375, 80 A.L.R.2d 1314; Underwood v. West Point Mfg. Co., 270 Ala. 114, 116 So.2d 575, 76 A.L.R.2d 1323), and construing the allegations most strongly against the pleader, we fail to see how the description as set out above is so vague, indefinite and uncertain as to be subject to demurrer.

The apparent reasons the trial court held the description insufficient must have been because the government survey had its origin at the Tallahassee Meridian in Florida, and because the landmarks and monuments used in describing the land were thought not to be enduring. With this reasoning we are not in agreement.

In order to meet the "certainty" of description required by § 1110, Tit. 7, supra, "the description given in the bill must be of a character sufficiently certain not only to identify the lands at the present time but always hereafter". Orso v. Cater, 268 Ala. 130, 105 So.2d 108, quoting Wise v. Massee, 239·Ala. 559, 196 So. 275. The court in Inge v. Demouy, 122 Ala. 169, 25 So. 228, after stating the above rule in substance, goes on to state that landmarks which are enduring and lead to a continuous identification of the property are necessary to have a sufficient description.

The reference in the description to the government survey, even though it originates in another state, renders the description, no less, enduring and continuous. The government survey creates sections and boundaries and does not merely identify them. Nolin v. Parmer, 21 Ala. 66, 70. Parties encroaching upon either side may perfect their titles by adverse possession, yet there is no transfer of land from one side to another. Howard v. Brannan, 188 Ala. 532, 66 So. 433. In the more recent case, Mims v. Alabama Power Co., 262 Ala. 121, 77 So.2d 648, it was stated in essence that all disputes as to lines of sections are to be controlled by the government survey and located by reference to the original survey.

The reference in the description to landmarks and monuments, i. e., Florida Point, Perdido Pass, Old River and the Gulf of Mexico, merely add to the continuity and endurance of description. The land itself is called "Florida Point", and practically everyone familiar with this area of Alabama could point out the property.

Appellee earnestly contends that a description of land which makes use of "Perdido Pass" and "Florida Point" as a means of describing the property is so unstable as to render the description incapable of creating a muniment of title, because over the years certain changes have taken place in the location of these landmarks by avulsion. This is evidence, not a part of the transcript of record, and of course not apposite for consideration on demurrer. It is a matter to be proved at a trial of the case on the merits.

The fact that the description originates in an adjoining state does not of itself render the description insufficient nor does it mean that the land is not located within the state where it is alleged to be. The description originating at the Tallahassee Meridian cannot be changed. It has become a part of the chain of title, and no description originating elsewhere could correctly describe the property. The reference to the government survey must continue to be used to describe the land and this is so even though it may be found in-

.correct. See Taylor v. Fomby, 116 Ala. 621, 22 So. 910; Nolin v. Parmer, supra; Billingsley v. Bates, 30 Ala. 376; 73 C.J.S. Public Lands § 31.

The allegations in the bill describing the land being sufficient and not subject to demurrer, it follows that the learned trial court erred in sustaining demurrer thereto and dismissing the bill.

Reversed and remanded.

LIVINGSTON C. J., and MERRILL and HARWOOD, JJ., concur.