# Dowdall v. King.

*Action for Damages for Alienation of Wife's Affections.*

*Special damages not recoverable unless specially averred.*—Special damages not being alleged, nor the necessary results of the wrongs complained of, it is error to instruct the jury that they may, in estimating damages, include compensation for the pain, mortification, and sufferings of plaintiff, on account of a disease contracted by him from his wife in consequence of her association with defendant.

APPEAL from the City Court of Birmingham.
Tried before Hon. WM. W. WILKERSON.
Action by Patrick G. Dowdall against Peyton G. King to recover damages for the alienation of the affections of plaintiff's wife.

WADE & VAUGHAN, for appellant, contended that under the head of general damages, recovery could be had for such damages as are implied by law from the injuries complained of, and cited *Iguire v. Gould*, 14 Wendell (N. Y.) 159; *Roberts v. Graham*, 6 Wallace, 578; *Warner v. Bavon*, 10 Minn. 72; *Bedell v. Powell*, 13 Barb. 183; and many other authorities on points which the court deemed it unnecessary to decide.

BROOKS & BROOKS, contended that special damages are not recoverable, unless specially pleaded, and cited *A. G. S. R. R. Co. v. Tapia*, 94 Ala. 226; and also submitted a lengthy brief, citing numerous authorities, upon the other questions involved, and undecided by the court.

[Dowdall v. King.]

STONE, C. J.—The only assignment of error found in the present record brings up for review the ruling of the City Court in granting a new trial on motion of defendant.

The action was brought by appellant to recover damages for the alienation of his wife's affections by defendant. The complaint contained two counts. The damages, as alleged in the first count, were as follows: The defendant "wrongfully and wickedly, and without the privity or connivance of plaintiff, debauched and carnally knew the said Rebecca Dowdall, then and ever since the wife of plaintiff, by means whereof the affections of the said Rebecca for the plaintiff were wholly alienated and destroyed, and by reason of the premises the plaintiff has wholly lost the comfort, society, aid and assistance of his said wife, which, during all the time aforesaid, he might and ought to have had and enjoyed, and has suffered great distress in body and mind to the damage of plaintiff," &c. The allegation of damages in the second count was substantially the same as that found in the first count, with the following addition thereto: "And plaintiff avers that by reason of the said wrongs and grievances, and by means of the premises, the health of the said Rebecca became, was and is bad, and she is rendered less able to render aid, assistance and comfort to plaintiff by reason of sickness contracted by her because of his said carnal knowledge and intercourse with her, by reason whereof plaintiff has been compelled to spend large sums of money, to-wit: the sum of $300, to cure the said Rebecca."

Only such damages as are alleged, or such as the law implies or presumes to have accrued from the wrong complained of in the complaint are recoverable in this action. The plaintiff is not entitled to be redressed for any more than the wrong charged in the complaint, and such damages as naturally result from such wrongful act or such as are, in legal contemplation, its proximate result. Other damages are what is known in the law as special damages—as distinguished from general damages. Special damages are such as are not implied by law; but are either superadded to general damages arising from an act injurious in itself, or are such as arise from an act not actionable in itself, but injurious only in its consequences—such as really occur. When it is sought to recover damages of this class, they must be specially averred in the complaint; and if the complaint contains no averment of such damages, it is error to receive evidence in reference thereto or to instruct the jury that such damages can be awarded, if properly objected and excepted to. As said by this court, "It is a familiar rule of

pleading, that before such damages can be recovered, they must be specially alleged, to the end that the defendant apprised by general averments of damages of a claim of such only as necessarily result from the wrong, may not be taken by surprise on the trial."—*Ala. Gr. So. R. R. Co. v. Tapia*, 94 Ala. 226; 2 Sedgwick on Measure of Damages, 605 *et seq.;* 1 Chitty on Pleadings, p. 458; *Rice v. Coleridge*, 121 Mass. 393; *Hooper v. Armstrong*, 69 Ala. 343; *Pollock v. Gantt*, 69 Ala. 373.

Under these principles, it was error for the court to instruct the jury, that "If they found for the plaintiff, and if they further found that he contracted a venereal disease from her by reason of sexual intercourse with her, in estimating damages they should include damages for his pain and mortification and suffering on account of said disease." No such damages were allotted in the complaint, nor are they the necessary result of the wrongs complained of.

The giving of this charge constitutes the 7th ground of defendant's motion for a new trial; and it was upon this special ground that the trial court granted the motion. In this ruling we fully concur.

There were many exceptions reserved on the trial; but as there is but one ruling assigned as error, we refrain from a discussion of any other question.

Affirmed.