# Dobbins *v.* Western Union Tel. Co.

*Action for Personal Injury.*

(Decided No. 18, 1909.—50 South. 919.)

1. *Telegraphs and Telephones; Obstruction in Street; Negligence.*—The leaving for many years in a street the sawed off stump of a telegraph pole about three feet high is negligence for which the company is liable to a pedestrian for injuries received in falling over the same, unless the pedestrian be guilty of contributory negligence.

2. *Same; Contributory Negligence.*—Where the action was for injury to a pedestrian caused by falling over the stump of a telegraph pole left standing in the street for several years, and it appeared that the pedestrian at night missed the path and stumbled over the pole and was injured; that he was familiar with the surroundings and undertook to keep within the path by reference to a tree and telegraph pole seen by him on the same side of the street with the obstruction, the relation of which in point of location to the tree and pole were known to him, it could not be said as a matter of law that he was guilty of negligence in failing to exercise proper care in walking on the path or that he was negligent in selecting the path as his route.

[Dobbins v. Western Union Tel. Co.]

3. *Same; Pleading.*—Where the action was against a telegraph company for maintaining the stump of a telephone pole on a street commonly used over which a pedestrian stumbled and fell while on a path attempting to cross the street, a plea alleging that the pedestrian knew of the presence of the stump and with such knowledge walked in the night time where it was and where he could not see it, and collided with it, when, by the use of ordinary care, he could have walked past it, by pursuing the ordinary path, is not a plea as to the selection of the general route across the street, but alleges negligence in walking past the stump and is sufficient in that aspect.

4. *Same; Contributory Negligence.*—In determining whether a pedestrian employed proper care in attempting to cross a street, the fact that he attempted to cross the street at night when he could not see the stump before he collided with it notwithstanding his knowledge of the surrounding circumstances must be considered.

5. *Same; Assumption of Risk.*—Assumption of risk is not available as a defense to an action against the telegraph company for injuries resulting from falling over a stump of a telegraph pole, left standing by it for several years in a commonly used street.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by A. P. Dobbins against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Plaintiff's right of action is grounded upon the fact that the defendant telegraph company left standing for several years in or near the sidewalk in the town of Centerville, Ala., the stump of a telegraph pole about three feet high, which had been broken or cut off, and over which plaintiff tumbled and fell in endeavoring to cross from one side of the street to the other at night, all of which was appropriately set up in the several counts of the complaint.

Plea 7 is as follows: "Plaintiff himself was guilty of contributory negligence, which proximately caused his injury, in this: Plaintiff knew of the presence of said stump or post, and with said knowledge walked in the nighttime where said post was, and where he could not see said post, and collided his body therewith, when by the use of ordinary care and prudence he could have

walked past said post, and by pursuing the ordinary path used by pedestrians, at the place where said post was, have avoided colliding with the same."

Plea A reads: "Plaintiff knew of the presence of said post, and with said knowledge attempted to walk during the nighttime, when it was so dark he could not see said post, in close proximity to the same, and without necessity therefor, there being a well-traveled crossing some distance, to wit, several feet, from said post, of which the plaintiff had knowledge, and which plaintiff knew was safe and secure for the passage of pedestrians; and in so deviating from the well-traveled way plaintiff thereby assumed the risk of being injured by coming in contact with said post."

LAVENDER & THOMPSON, for appellant.—The court erred in overruling demurrers to pleas 7 and A.—*Postal T. Co.,* 133 Ala. 217. A telegraph company is liable for injury to a person caused by maintaining a stump of a telegraph pole in a commonly used street for a number of years.—*Postal T. Co. Case, supra,* and 43 F. R. 131; 64 N. Y. App. 484, 15 Atl. 624; 10 Am. St. Rep. 128. The question of contributory negligence was one for the jury, and not a question of law for the court in this case.— *City Council v. Wright,* 72 Ala. 411; *Elyton L. Co. v. Mingia,* 89 Ala. 592; *South. Ry. Co. v. Schafer,* 119 Ala. 588. Previous knowledge of a person injured of the existence of a defect in the sidewalk does not per se establish negligence on his part.—41 Am. St. Rep. 823; 45 same, 799; 65 Id. 412.

DENSON & DENSON, for appellee.—The trial court did not err and its judgment should be affirmed on the authority of:—*Montgomery St. Ry. v. Smith,* 146 Ala 329; *McAdory's Case,* 109 Ala. 639.

McCLELLAN, J.—There can be no doubt that the act or omission of the appellee in leaving for many years, within the limits of a public street in the town of Centerville, an obstruction created by sawing off a telegraph pole three feet above the ground, was such negligence as to render it liable for injury to a traveler on the street, unless the traveler was himself guilty of negligence contributory to his injury.—*Postal Tel. Co. v. Jones,* 133 Ala. 217, 32 South. 500.

The important question presented is whether the appellant was, as a matter of law, guilty of contributory negligence, barring his recovery, as was ruled below. The appellant insists that the inquiry of contributory negligence vel non was for the jury. We approve the contention of the appellant. This court, in *City of Montgomery v. Wright,* 72 Ala. 411, 47 Am. Rep. 422, announced conclusions which, in our opinion, control the decision of the question on this appeal. There it was contended that because the plaintiff undertook to traverse, in the nighttime, a sidewalk in a public street, which had been rendered in part unsafe, and of which fact the plaintiff had knowledge, his act was per se negligent, and barred a recovery for injury resulting from his falling into the "washout." It appeared that the plaintiff was familiar with the defective condition of the sidewalk and its location and character. It also appeared that the space between the inside line of the sidewalk and the nearest edge thereto of the "washout" was seven feet. It was over this seven feet the plaintiff undertook to travel. After stating the well-known rule prevailing with us as to when contributory negligence vel non is, on the evidence, a question of law only; and hence, for the court, and after adverting to the general doctrine that negligence is ordinarily a mixed inquiry of law and

15—163

fact, it was held that the plaintiff was not, prima facie, guilty of negligence in ordering his course on the occasion as above indicated. The evidence showed, as in this case, that the course taken was one generally used by the public in traversing Bell street, and that, so far as that record revealed, no injury had attended such general use. The court there, very properly we think, accorded weight to the fact that the plaintiff was familiar with the situation with reference to the defect in the sidewalk, its location, and necessarily its danger. if he encountered it.

The circumstances of the case at bar require the application of the rulings made in *Wright's Case.* Here the familiarity of the appellant with the situation created by the "stump" left by the appellee in the street was proven conclusively. He had passed it for years. It was just to the side of a path leading, angling, across the street. The path was of common use by those having the purpose to cross that street and to go in the direction appellant was, on the occasion, headed. Had the appellant not veered from the path, he would not have collided with the obstruction. It was undisputedly shown that appellant undertook to govern his steps, so as to keep the path, by reference to a tree and telephone pole, seen by him on the same side of the street as the "stump," and the relation of which, in point of location, to the tree and telephone pole, were known to him. He testified that he walked carefully—a care and caution employed, it was open to inference, at least, with the view of avoiding contact with the "stump." We cannot now, any more than could be done in *Wright's Case,* ignore the fact of appellant's familiarity with the situation in the street at that point, to the end that he can be pronounced negligent because of his act in attempting to cross the street, even in the nighttime, along the

path. As stated, by remaining in the path he would not have encountered the "stump." It was in immediate consequence of his veering from the path that he did come in contact with the "stump." His negligence, if such it was, certainly did not consist in his selection of the route across the street, but, if culpable at all, "in the want of care exercised in walking, after he made the selection."—*Wright's Case, supra.* The familiarity of appellant with the situation at that point in the street might have had a natural tendency to afford a reasonable assurance, to the ordinarily prudent person likewise circumstanced, that he could safely cross the street by the path, and thus avoid collision with the "stump." It is common knowledge, based on common experience, that a person may avoid an obstacle, even in darkness, by reliance upon memory of location, relative, as well as in fact, of such obstacle. The unattended blind give frequent evidence of practical operation of this faculty. But, while this is true, and should be given consideration in determining whether ordinary care has characterized certain conduct, it does not result that negligence may not be imputed, in point of fact, to one whose familiarity with the situation was of the greatest degree. The circumstances must control the conclusion, and the familiarity indicated is but one of them. Here the obstruction was small when compared to the street's surface in that immediate neighborhood, and was without the line of the sidewalk, as well as of the path. It might well be that an ordinarily prudent traveler, familiar with the status, would take the course appellant did, upon the reasonable assumption that he could effect his journey without collision with the obstruction. Unquestionably such conduct, under the circumstances here presented, cannot be pronounced per se negligent. Whether negligent or not, must be determined by the jury.

Counsel for appellee rely, in supporting the conclu-·sion below, on the case of *McAdory v. L. & N. R. R. Co.,* 109 Ala. 638, 19 South. 905. It is further insisted that in *Montgomery Ry. Co. v. Smith,* 146 Ala. 316, 39 South. 757, the principle underlying the former case is approv-·ed in the ruling made upon charge 25 refused to that de-·fendant. It is obvious that the ruling in the *McAdory Case,* wherein Hix was adjudged guilty of contributory negligence, forbidding a recovery by his personal repre-·sentative, was upon the state of fact there involved. That the situation, known to Hix, giving rise to the requisite care which he was held not to have exercised, was differ-·ent from, and the hazard immeasurably greater than, that out of which appellant's injury grew, is apparent. Hix undertook, in the nighttime, to pass an abyss 15 feet wide and 30 feet deep. The court rested its ruling upon two theories, viz., that if he could by the exercise of or-·dinary prudence have seen the "cut," and omitted the exercise of that care, and was injured, he was negligent; ·or that if he undertook to pass the "cut," "in such dan-gerous proximity to it," when unable to see its limits, and was injured in consequence, he was negligent. The known hazard, as appears, led the court to declare and impose on Hix a care commensurate therewith. The ob-ject to be avoided by Hix was of magnitude, whereas the ·object here was of inconsiderable, relatively speaking, ·size. While Hix had passed the "cut" before, within the two weeks it had existed, and knew its location and depth, no such familiarity, as the result of frequent passage thereby, as appellant had, was shown to have been possessed by Hix. And, besides, it appeared that Hix's companion, just ahead of him, avoided the "cut," ·and it was observed that Hix might readily have seen and followed him, with the same safe result. This last ·circumstance has no counterpart in the record in hand.

From these differentiating circumstances, we need hardly state that no departure from the doctrine or result attained in the *McAdory Case* is a consequence of the conclusion entertained on this appeal.

The *Smith Case,* referred to above in its treatment of charge 25, refused to the defendant, does not assume to declare what is ordinary care in respect to the use of defective street. It does announce the general duty on the part of the traveler, but when such traveler has met the obligation in the exercise of ordinary care to avoid injury from the known defect is not undertaken to be stated. Certainly it was not the purpose of the court in the *Smith Case* to overrule the *Wright Case, supra.* The court erred in giving the general affirmative charge at the request of the defendant.

Plea 7 must be construed as imputing to plaintiff negligence—the nonexercise of ordinary care—in walking past the "stump," and not in the selection of the general route across the street. To sustain the plea, it must be so found by the jury from the facts and circumstances shown by the evidence. Whether he observed due care in walking by the "stump" on the occasion is not to be controlled, alone, in conclusion by the facts that the night was dark and that he could not see the post before colliding with it. They are factors, of course, to be considered in determining whether the care observed by plaintiff was of the character requisite. So interpreted, we hold the plea to be good against the grounds of demurrer assigned.

Plea A has no place in this case, and should be stricken on motion. Contributory negligence is the only other possible defense, aside from that made by a general traverse of the allegations of the complaint.

For the error stated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

Dowdell, C. J. and Simpson and Mayfield, JJ., concur.