# Howard *v.* Brannan.

## *Ejectment.*

### (Decided November 7, 1914. 66 South. 433.)

1. *Boundaries; Section Line; Location.*—Where the sole issue in ejectment was the location of a boundary line between two government sections, such line, when located, was conclusive and fixed, notwithstanding the encroachment by the parties on either side of the line may have ripened into title by adverse possession, since such fact could not change the location of the section line, nor transfer the land so claimed from one section to the other.

2. *Same; Instructions.*—Where ejectment was brought to recover the south half of the southwest quarter of a certain section, and defendant filed a disclaimer and set up that the dispute arose over a disputed boundary line separating sections 17 and 18 in the township, and each party pleaded what he claimed to be the true boundary line, a charge that if the jury were satisfied that the owners of the land on both sides of the M. line had recognized it as the true line, and had held up to such line adversely for more than ten years up to the time defendant bought his land, the jury should find the issues for plaintiff, was beyond the issues and erroneous.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by Thos. J. Brannan against E. I. Howard. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following is charge 1 referred to in the opinion:

The court charges the jury that if they are reasonably satisfied by the evidence that the owners of the land on both sides of the Maples' line have recognized such line as the true line dividing section 17 from section 18, and have held and used up to such line for more than ten years continuously and adversely up to the time defendant bought his land, then you must find the issues for the plaintiff.

RICH & HAMILTON, for appellant. Section 2830, is not retroactive for to so construe it would render it un-

constitutional.—*Ala. Co. v. Boykin,* 38 Ala. 510; *Sadler v. Langham,* 34 Ala. 311. The description of the land being definite as here, does not confer color outside of such description.—*Jeffries v. Jeffries,* 62 South. 797; *Walker v. Wyman,* 157 Ala. 485; *Wyman v. Walker,* 53 South. 403. An agreed location of a line is not binding short of the statute of limitations.—5 Cyc. 932. There can be no adverse possession without hostility to the whole world.—*Ashford v. Ashford,* 136 Ala. 631; *Dothard v. Denson,* 75 Ala. 482; *Stiff v. Cobb,* 126 Ala. 381. It is fundamental that there can be no adverse possession as against the government. It follows from these authorities that the charges requested by defendant should have been given, and a charge given for plaintiff was erroneous.

ERVIN & MCALEER, for appellee. The charge given for plaintiff was unquestionably correct.—*Taylor v. Fomby,* 116 Ala. 626. If parties recognize the line as being correct and hold to said line, each claiming adversely to said line for the requisite period, title is acquired to said line, even though the line be incorrect.—*Taylor v. Fomby, supra; Brown v. Cockrell,* 33 Ala. 43. These authorities are conclusive of the points in issue.

ANDERSON, C. J.—This was the statutory action of ejectment for the recovery of the S. ½ of the S. W. ¼ of section 17, township 1 north, of range 3 west, in Mobile county.

The defendant filed a disclaimer, which meant that he did not claim any land sued for by the plaintiff, and set up, under the terms of section 3843 of the Code of 1907, that the dispute arose over a disputed boundary as to the line separating sections 17 and 18. The plaintiff then averred that the true boundary between said

sections was as set out by him. The defendant took issue on this, and also averred that the true boundary line between sections 17 and 18 was as set out by him, and which differed from the line set up by the plaintiff.

Therefore the one and only issue was the location of the true line, as per the government survey, between sections 17 and 18, and not of some other line that may have been fixed by adverse possession or by the respective owners. When the true line was established between these sections by government survey, it was the only line separating the one from the other; and while the act of the parties, as to encroaching upon either side, may have ripened into title, yet it could not transfer land from one of said sections to the other. If the plaintiff claimed land beyond the line, it should have been set out as being a part of section 18; and, if the defendant claimed that he owned land beyond the proper line, he should not have disclaimed ownership or possession as to the land sued for by the plaintiff. In other words, the issue made up between the parties was not whether or not the plaintiff owned any land in section 18, or whether or not the defendant owned any of the land in section 17, as sued for by the plaintiff, but what was the true line between said sections. It may be true that neither party could be confined in ownership to the section line, if they had recognized another as the line and adversely claimed accordingly under a proper issue, but there can be but one true and correct line between the sections for the purpose of distinguishing the one from the other; and, if one encroached upon the other, the claimant might acquire title to the extent of his claim, but this could not operate to take land out of section 17 and put it in section 18.—*Wade v. Gilmer,* 186 Ala. 524, 64 South. 611. It is true the court held, in the case, supra, that the plaintiff, by taking issue upon the dis-

[Bley, et al. v. Lewis.]

claimer, also injected the issue of possession; but in this case there was no issue taken upon the disclaimer, and the minute entry is that issue was taken upon the issues filed February 14, 1913, and which issues so filed related only to the true boundary line between sections 17 and 18.

The charge given for the plaintiff, which we number 1, went beyond the issue made up by the parties, and should have been refused, and the trial court committed reversible error in giving said charge.

It is unnecessary to discuss the other assignments of error. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, and DE GRAFFENRIED, JJ., concur.