### UNITED STATES CAST IRON PIPE & FOUNDRY CO. v. SULLIVAN. *

(Circuit Court of Appeals, Fifth Circuit. January 6, 1925. Rehearing Denied February 10, 1925.)

No. 4280.

**I. Death ⟨=⟩93—Punitive damages recoverable.**

Punitive damages are recoverable by one entitled, under Code Ala. 1907, § 2486, to enforce right of action given by that statute for wrongful death of another.

**2. Constitutional law ⟨=⟩301—Death ⟨=⟩9— Statute authorizing punitive damages for wrongful death held not unconstitutional, as denying due process.**

It is within legislative competency to give civil right of action for negligent and wrongful killing of human being, and to make wrongdoer liable for punitive and exemplary damages, and Code Ala. 1907, § 2486, giving right to such damages for wrongful death, is not violative of Const. U. S. Amend. 14, as denying due process.

**3. Negligence ⟨=⟩52—Owner of premises engaging independent contractor to work thereon may incur duty to warn contractor's employees of dangers.**

The proprietor of premises, who for his own benefit procures doing of work thereon by independent contractor, thereby impliedly inviting such contractor and his employees to enter and use such premises, may expressly or impliedly incur duty to give such employees warning of dangers arising during progress of work in which they are engaged.

*Certiorari denied 45 S. Ct. 514, 69 L. Ed. ——.

**4. Negligence ⊛134(8)—Death of employee of independent contractor while working in clay pit shown to be due to owner's negligence.**

In action against owner of clay pit for wrongful death of employee of independent contractor, killed while working in pit, evidence *held* to warrant findings that owner had assumed duty to give warning of dangers arising during work, and that such contractor and his employees relied on performance of that duty, and that employee's death resulted from negligence of owner's safety engineer.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by M. W. Sullivan, as administrator of the estate of D. G. Sullivan, deceased, against the United States Cast Iron Pipe & Foundry Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Brenton K. Fisk, of Birmingham, Ala., for plaintiff in error.

Hugo L. Black, Crampton Harris, and Arthur B. Foster, all of Birmingham, Ala., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

WALKER, Circuit Judge. This was an action by the personal representative of D. G. Sullivan, deceased, to recover damages for the deceased's death, which was attributed to alleged , negligence chargeable against the plaintiff in error, which is herein referred to as the defendant. The complaint in substance was that the deceased, when at work by the invitation of the defendant in a pit on defendant's premises from which clay was being dug, to be subsequently taken to a pipe-manufacturing plant belonging to the defendant, was killed in consequence of a ledge or "overhang" of the clay falling from the side of the pit upon him. The negligence charged was the failure to keep the pit in a reasonably safe condition, and the failure to warn the deceased of the danger of injury. There was evidence to the following effect:

Deceased was an employee of an independent contractor, who undertook to supply defendant's plant with the clay used in the manufacture of its products, such clay being dug from land included in defendant's premises. The pit in which deceased was working was some 7 or 8 feet deep, and the ledge had been "undercut" about 3 feet when it fell. The pit caved in at a place where the ground near the edge of the pit

had been cracked for about a week before the caving in occurred; that crack being about 1 inch wide and 8 or 10 feet long. The superintendent, foreman, and safety engineer in charge of defendant's works were accustomed to be about the pit from time to time, one or more of them several times each day. The safety engineer was a witness for defendant. On cross-examination he testified that he was at the pit, upon the bank near the edge, about 1 or 2 o'clock in the afternoon of the day of the accident, which occurred at about 4 o'clock in the afternoon; that deceased was in the pit at the time witness was last there; and "that it would have been my duty as safety engineer to order the men out if I had seen them working in a place of danger." The deceased first went to work in the pit on the day he was killed, and was not aware of the crack which indicated danger to those working in the pit.

The theory of the defendant in error is that the fall of the ledge or "overhang" was due to a dangerous condition which the defendant had negligently permitted to exist, and of which it should have warned the deceased, since he did not know of it, and could not have observed it from the bottom or interior of the pit. Complaint is made of the court's refusal to give, at the request of the defendant, a charge to the effect that, if the jury believed the evidence, their verdict could not be in favor of the plaintiff. The right of action asserted is based on an Alabama statute which provides as follows:

"A personal representative · may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death." Code of Alabama of 1907, § 2486.

[1, 2] It is well settled that punitive damages are recoverable by one entitled to enforce the right of action given by the quoted statute. In behalf of the defendant it is contended that that statute is violative of the Fourteenth Amendment of the Constitution of the United States, in that it denies due process of law to those sought to be charged with liability, because it imposes punishment on them, though they may be without fault. We are of opinion that there is no merit in this contention. In the absence of statute, punitive or exemplary

damages are recoverable in civil actions for certain kinds of wrongful conduct. It is clearly within legislative competency to give a civil right of action for the negligent or wrongful killing of a human being, and to make the wrongdoer liable for punitive or exemplary damages. Richmond & Danville R. Co. v. Freeman, 97 Ala. 289, 11 So. 800; Alabama Power Co. v. Talmadge, 207 Ala. 86, 97, 93 So. 548.

[3] The proprietor of premises, who for his own benefit procures the doing of work thereon by an independent contractor, thereby impliedly inviting such contractor or his employees to enter upon and use such premises, may expressly or impliedly incur the duty of giving to such contractor's employees warning of dangers to them which arise during the progress of the work in which they are engaged. Connors-Wegmen Steel Co. v. Kilgore, 189 Ala. 643, 66 So. 609; United States Cast Iron Pipe & Foundry Co. v. Fuller, 102 So. 25, in Supreme Court of Alabama, October 16, 1924. The correctness of the just-stated proposition was recognized in the opinion in each of the just-cited cases; but in each of those cases the court found that there was an absence of evidence therein that the defendant incurred such a duty. The last-cited case was an action against the plaintiff in error by an employee of the independent contractor, who was injured in the same accident in which the deceased lost his life. The report of that case indicates that in a material respect the evidence therein was different from that in the case now under consideration.

[4] As to the evidence in the last-cited case the opinion therein states: "The most the evidence can be said to show is a humanitarian, but purely gratuitous, interest in their safety, and a willingness to conserve it against such abuses as their engineer might chance to observe." Such a statement cannot properly be made with reference to the evidence in the instant case. As above indicated, the testimony of defendant's safety engineer was explicit to the effect that it was his duty as safety engineer to order the men out of the pit if he had seen them in a place of danger. That testimony furnished support for a finding that if the safety engineer, when he was near the edge of the pit shortly prior to the cave-in discovered the danger indicated by the presence of the above-mentioned crack, and that employees of the independent contractor then in the pit were exposed to that danger, his duty as safety engineer required him to take action to conserve the safety of such employees, and that his failure to do so was not merely a failure to manifest a humanitarian, but purely gratuitous, interest in the safety of workers discovered to be in peril.

The evidence also furnished support for findings that the safety engineer, when inspecting the pit and its surroundings, not long before the cave-in, discovered the peril, though he stated that he did not, and that he negligently failed to perform his duty to conserve the safety of the deceased. The evidence as to repeated visits to and inspections by defendant's agents of the place of work of the independent contractor's employees while that work was in progress, and as to the duty of defendant's safety engineer to conserve the safety of such employees, warranted the inference that the independent contractor or his employees relied on the performance of the duty incurred in their behalf by the defendant. We conclude that evidence adduced tended to prove that the death of the deceased was due to negligence chargeable against the defendant, and that the court did not err in refusing to give the above-mentioned requested charge.

The record shows no reversible error. The judgment is affirmed.