(104 So. 526)

**LOUIS PIZITZ DRY GOODS CO. v. YELDELL. (6 Div. 382.)**

(Supreme Court of Alabama. May 28, 1925.)

**1. Death ☜9—Homicide Act held constitutional.**

Homicide Act (Code 1923, § 5696) *held* constitutional, though damages thereunder are defined as punitive, since damages provided are for an actionable wrong, and a state may, within its police power, fix punitive damages by way of punishment for such conduct.

**2. Carriers ☜238—Relation of carrier and passenger exists where customer rides on retail store elevator.**

Where elevator is operated for transporting customers in retail store, owner would be liable to customer, injured while entering it, for injuries proximately caused by the failure to exercise the highest degree of care, on the theory that relation of carrier and passenger exists.

**3. Negligence ☜119(1) — Defendant storekeeper held not entitled to general charge for failure to prove averment as to business.**

Where deceased was killed by elevator on entering store of defendant "P. Dry Goods Company" to buy a hat, defendant, sued under Homicide Act (Code 1923, § 5696), was not entitled to general charge for failure to prove averment that it was engaged in dry goods business and that defendant was customer; name itself indicating nature of defendant's business.

**4. Master and servant ☜329—Competency of agent not provable under issue of negligence.**

Competency of agent, or care exercised in her selection, could not be proven, where the only count submitted was the negligent operation of an elevator under her control and no charge of negligence in the selection of the agent was made.

**5. Trial ☜133(6)—New trial properly denied where improper argument of counsel was withdrawn.**

Refusal to grant a new trial because of counsel's argument, which was in part responsive to remark of opposing counsel, and remainder could have been inferred from the character of his client's business, was not error, where it appeared court excluded the argument about as affirmatively and positively as possible.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Willis Yeldell, as administrator of the estate of Carrie Yeldell, deceased, against the Louis Pizitz Dry Goods Company, for damages for wrongful death of intestate, alleged to have been produced by the collision of defendant's elevator with the body of intestate. From a judgment for plaintiff in the sum of $9,500, defendant appeals. Affirmed.

J. P. Mudd, of Birmingham, for appellant.

Plaintiff failed to prove allegations that defendant was a dry goods store and that plaintiff was a customer. Defendant was entitled to the affirmative charge. Woodward Iron Co. v. Curl, 153 Ala. 215, 44 So. 969; Koger v. Roden Coal Co., 197 Ala. 473, 73 So. 33; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 52 So. 86; Keeran v. Spurgeon Mer. Co., 194 Iowa, 1240, 191 N. W. 99, 27 A. L. R. 579. The Homicide Act is unconstitutional. Const. U. S. Amend. 14; Const. Ala. § 23; Arizona Copper Co. v. Hammer, 250 U. S. 400, 39 S. Ct. 553, 63 L. Ed. 1058, 6 A. L. R. 1527; Lake Shore & M. S. R. Co. v. Prentice, 147 U. S. 101, 13 S. Ct. 261, 37 L. Ed. 97; N. Y. Cent. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; Sunderland Bros. Co. v. C., B. & Q. R. Co., 105 Neb. 319, 177 N. W. 156; Watson v. Watson, 53 Mich. 168, 18 N. W. 605, 51 Am. Rep. 111. The damages were excessive. Nothing short of prompt, emphatic disapproval of prejudicial argument is sufficient to avert the mischief. Wolffe v. Minnis, 74 Ala. 386; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212; 102 So. 130; Watts v. Espy, 211 Ala. 502, 101 So. 106.

Beddow & Ray, of Birmingham, for appellee.

It is only in the absence of all evidence against the defendant that the court should direct a verdict in its favor. Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 52 So. 86. The Homicide Act is not unconstitutional. Ala. Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548; Whitmer v. S. W. Co. 201 F. 193; Southern Ry. Co. v. Bush, 122 Ala. 489, 26 So. 168; Richmond & D. R. Co. v. Freeman, 97 Ala. 289, 11 So. 800; Patterson v. Kentucky, 97 U. S. 501, 24 L. Ed. 1115; Barbier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 28 L. Ed. 928; Goddard v. Grand Trunk, 57 Me. 202, 2 Am. Rep. 39. The verdict is not excessive. R. & D. R. Co. v. Freeman, supra.; Birmingham So. R. Co. v. Harrison, 203 Ala. 284, 82 So. 534; L. & N. v. Phillips, 202 Ala. 502, 80 So. 790; Sou. Exp. Co. v. Roseman, 206 Ala. 681, 91 So. 612. Any harmful effect of the remarks of counsel in argument was removed when counsel withdrew the remarks and the court admonished the jury not to consider same. Anderson v. State, 209 Ala. 36, 95 So. 171; Metropolitan v. Carter, 212 Ala. 212, 102 So. 130.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ANDERSON, C. J. [1] This action was brought under what is generally known as the Homicide Act (section 5696 of the Code of 1923), and appellant's counsel has made quite a vigorous and lengthy attack on same as being repugnant to certain provisions of the Constitution, federal and state. While the damages thereby provided have been heretofore defined as punitive and not compensatory, they must be founded upon an actionable wrong, and for such conduct it is within the police power of the state to fix punitive damages by way of punishment. Indeed, this statute has existed for over a half century, and its constitutional validity was upheld over 30 years ago in the case of Richmond & D. R. Co. v. Freeman, 97 Ala. 289, 11 So. 800, and we do not think it subject to any of the grounds of attack made in brief of counsel. This holding also is supported by the case of United States Cast Iron Pipe Co. v. Sullivan (C. C. A.) 3 F.(2d) 794, certiorari denied by United States Supreme Court May 11, 1925, 45 S. Ct. 514, 69 L. Ed. —.

[2] If the defendant operated an elevator for the purpose of transporting its customers from one floor to another, and a customer was injured while in or entering said elevator, the defendant would be liable to him for injuries proximately caused by the failure to exercise the highest degree of care or skill exercised in the management and operation of elevators of a similar character and nature; this upon the theory that the relation of carrier and passenger existed between them. Morgan v. Saks, 143 Ala. 139, 38 So. 848; O'Rourke v. Woodward, 201 Ala. 265, 77 So. 679. The trial court did not, therefore, err in so instructing the jury or in refusing the defendants' instructions predicated upon an ordinary degree of skill and care.

[3] We are not persuaded that the defendant was entitled to the general charge as for a failure to prove the averment, that defendant was engaged in the dry goods business where goods are sold to the public, and that the intestate was at the time of her injury a customer in said dry goods store for the purpose of trading. The very name of the defendant imports the fact that it was engaged in the dry goods business, and the evidence shows that the intestate entered the store and the elevator for the purpose of purchasing a hat.

[4] The only count submitted to the jury, count A, is for the negligent operation of the elevator by the agent or servant in control of same, and there was no charge of negligence for the want of skill or care in the selection of said agent or servant. Therefore the trial court did not err in not permitting the defendant to prove the skill and competency of said agent or servant or the care exercised by the defendant in her selection.

[5] That part of the argument of plaintiff's counsel, which is the basis of assignments of error 46, 47, and 48, was in part responsive to a remark of the defendants' counsel, and the other portion could probably have been inferred by the nature and character of defendants' business. But be this as it may, the trial court excluded it about as affirmatively and positively as possible, and we cannot put the trial court in error to reverse for refusing the motion for a new trial because of this argument. Thames v. L. & N. R. Co., 208 Ala. 255, 94 So. 487.

We are not persuaded that the trial court was in error for failing to grant the defendant a new trial because the verdict was excessive. The damages are punitive, and we cannot say that the verdict indicates passion or prejudice on the part of the jury, and it is much smaller than many heretofore affirmed by this court wherein the facts showed no greater negligence or aggravation than in the case at bar.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.