(117 So. 634)
**THOMAS v. CARTER.** (7 Div. 710.)

Supreme Court of Alabama. Nov. 10, 1927.

Rehearing Granted June 28, 1928.

L. B. Rainey, of Gadsden, for appellant.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for appellee.

SAYRE, J. Defendant was driving his automobile from Gadsden to Montgomery. Jewel Thomas was his guest. Plaintiff had occasion to be in Montgomery, and, upon the invitation of defendant and Jewel Thomas, her daughter, went with them. At Calera, defendant said he was tired, and, on Jewel's suggestion, allowed her, to drive the car. While she was driving, the car overturned, causing injuries to plaintiff. On her complaint, charging negligence to "the defendant, who was the owner of said automobile, or the driver of said automobile, who was operating same under the authority of, and with the consent of, defendant," plaintiff had a verdict for damages; but, on defendant's motion, the court set aside the verdict, and granted a new trial. Plaintiff appeals.

■ In the first place, appellant, who would sustain the original judgment, suggests that there can be no review of the court's ruling on the motion for a new trial, for the reason that neither the motion nor the judgment thereon are made to appear in the bill of exceptions. The suggestion cannot be approved. Both the motion and the judgment thereon became parts of the record proper—and they so appear in the transcript—and it was not necessary to reproduce them in the bill of exceptions. Code, § 9459. The exception reserved is stated in the bill of exceptions as, it seems, it was necessary that it should be. Code, § 6088; Powell v. Folmar, 201 Ala. 271, 78 So. 47. This case has been frequently followed. Grand Bay v. Simpson, 202 Ala. 606, 81 So. 548; Chambers v. Maxwell, 214 Ala. 284, 107 So. 806, and cases cited.

The verdict rendered was set aside on appellee's motion, and a new trial ordered. The trial court, ruling upon the motion, stated that it was granted "on grounds 42 and 43 of the motion." The stated grounds were that the court erred in giving charges in writing on plaintiff's request as follows:

"(42) The court charges the jury that the owner who is present in the automobile is liable for the negligence of a driver, operating the machine for him.

"(43) The court charges the jury that negligence of the operator of a car is not attributable to occupant who is a guest, but such negligence the owner thereof is responsible for if he is present in the car."

■ The facts heretofore stated appeared in the evidence without contradiction. These facts authorized and required a finding that Jewel Thomas, while driving the car, was the agent of defendant owner—this, because she was driving with the owner's concurrence and approval, and in furtherance of his purpose and undertaking to drive the car from Gadsden to Montgomery. Babbitt, Motor Vehicles (3d Ed.) § 1149. Whether she drove negligently, thereby causing the accident, was, under the evidence—which, as to that, we have not stated—very clearly a question for jury decision. The argument and the oral charge of the court lead us to conclude that the trial was largely conducted upon the assumption that the real question in the case presented by the evidence was whether the owner had placed the operation of his car in the hands of an incompetent driver, who operated it in his immediate presence and under his control. But as matter of law and fact another question was also involved, viz. whether, apart from the question as to the driver's incompetence, the doctrine of respondeat superior obtained in the premises by reason of the fact that defendant constituted the driver his agent for the operation of the car, and we have stated our conclusion that it did. As to this last phase of the case, the presence of the owner in the car was of no consequence in the circumstances shown in evidence; but the hypothesis to that effect was also immaterial and harmless, for the reason that, as we have stated, the evidence showed his presence without conflict. Eliminating the hypothesis as to the presence of the owner, charge 42 meant only that the owner of an automobile is liable for the negligence of the driver operating the car for him—a charge which might better have amplified its hypothesis and conclusion, but yet was no incorrect statement of the relevant law. The first clause of charge 43 had reference to contributory negligence. Of that there is no complaint, nor, on the evidence, any ground of complaint, nor did the rest of the charge

differ in effect from charge 42, as to which, in connection with the undisputed evidence, we have stated our conclusion.

■ But numerous other grounds were assigned in the motion for a new trial, and, notwithstanding the court placed its ruling on the two specific grounds heretofore stated and considered, it is now open to the appellee to show error in the trial on any other of the grounds assigned in the motion. Kilby Car Co. v. Georgia Casualty Co., 209 Ala. 356, 96 So. 319; Birmingham v. Lane, 210 Ala. 252, 97 So. 728.

■■ The charge made the basis of the forty-fifth ground of the motion was given without error. Bearing in mind that the evidence showed without dispute that the driver of the automobile was as to that the agent of defendant, and that the evidence afforded no reasonable ground for concluding that plaintiff was guilty of contributory negligence, it is obvious, on indisputable principles of law, that defendant was answerable for the negligence of the driver. So also as to the charge made the subject of the forty-fourth ground of the motion. And, of course, if, in addition to the undisputed facts, defendant intrusted the operation of his car to the management of an incompetent driver, as charge 41 hypothesizes, then, for that reason, as well as on the doctrine of respondeat superior, defendant was responsible for any negligence of the driver resulting in appellee's injury. The argument that these charges ignore contributory negligence on the part of plaintiff finds no reasonable support in the evidence. There was testimony to the effect that Jewel Thomas, the driver at the time of the accident, had previously had some trouble with one of her arms; that she had suffered from "tumors" on her arm, for which she had undergone "operations," and that she was "nervous"; that plaintiff had "told defendant that Jewel was nervous, and not fit to drive the car"; but this evidence hardly sufficed to require that, rather than continue her journey in a car driven by Jewel, over whom, for aught appearing, she had no control, plaintiff should have left the car. Birmingham-Tuscaloosa Railway v. Carpenter, 194 Ala. 144, 69 So. 626; Birmingham Southern v. Harrison, 203 Ala. 284, 82 So. 534; B. R., L. & P. Co. v. Barranco, 203 Ala. 639, 84 So. 839. The foregoing statement of relevant law is sustained by the authorities cited. The peculiar circumstances in which plaintiff found herself but serve to emphasize the propriety of the application of the stated rule, viz. she was far from home near midnight of a dark and rainy night in late October. We do not think contributory negligence can be predicated of her failure to leave the car. She had no such knowledge of impending danger as under the circumstances would have required a reasonably prudent person to leave the car. B. R., L. & P. Co. v. Barranco, supra. Like result

follows from consideration of the charge made the basis of ground 47 of the motion.

The charge assigned for error in the forty-sixth ground of the motion for a new trial was said in the original brief to have the same faults as the charge made the basis of the forty-first ground of the motion, our consideration of which has been stated above, and, besides, it was argued that this charge was error because it "authorized recovery against the defendant if the jury was reasonably satisfied from the evidence that the driver of the car, Miss Jewel Thomas, was known to the defendant to be an incompetent driver." In the argument of the forty-first ground of the motion the brief had said:

"It is entirely possible that the jury may have been reasonably satisfied that defendant believed Jewel to be an incompetent driver, and still have been reasonably satisfied that as a matter of fact she was a competent driver."

This we hardly thought demanded specific treatment on the part of the court. As for the further objection taken in the original brief against this charge (forty-sixth ground), viz. that it pretermitted the question of contributory negligence, that has been answered in what we have said in reference to the charge set out in the forty-first ground of the motion. On rehearing the argument is that this charge submitted to the jury a ground of defendant's liability not in issue under the pleadings, meaning, as we understand the argument, that the complaint carried no allegation as to the incompetency of the driver. But the complaint charged that defendant turned the operation of his car over to Jewel Thomas, that she negligently and unskillfully operated it, causing it to be wrecked, "and as a proximate consequence of defendant's negligence aforesaid plaintiff was injured in this," etc. The sufficiency of the complaint is not brought into question, except by the insistence in another connection that it stated no cause of action. The allegation of negligence is very general, but that is permitted by our system of pleading in cases of this sort, and, as we have said, that objection to the complaint is not under consideration. Another criticism of the charge has been suggested in consultation, viz. that it does not in terms hypothesize negligence on the part of the driver; that is, negligence on the part of Jewel Thomas. The charge would have been more satisfactory to the highly critical judgment if it had been more explicit on the point thus raised. But the criticism now visited upon it is hardly substantial enough to justify a holding that the court committed reversible error in giving the charge. We are not of the opinion reversal would have been ordered on this account if the appeal had been from the original judgment, and for like reason we think that the order granting the motion for a new trial, if granted on

account of this charge, should be reversed. The hypothesis of the charge, that plaintiff was injured through the negligence of defendant in placing his car in the hands of an incompetent driver, and in proximate consequence thereof plaintiff was injured, laid down a sufficient legal basis for plaintiff's recovery, and we are unable to affirm as matter of law that this hypothesis, construed in connection with the complaint, had not sufficient warrant in the evidence. Negligence on the part of the incompetent driver in the operation of the car may have been, indeed was, necessary as matter of fact to establish the proximate causal connection between the negligence hypothesized and plaintiff's injury, but a statement to that effect would have been necessary only by way of defining proximate cause in the particular case. On one of plaintiff's theories of the case—and that theory had support in the evidence—the negligence of defendant in trusting the operation of his car to an incompetent driver was at least a contributing proximate cause of plaintiff's injury. According to that theory, there was a natural and unbroken sequence between the negligence complained of and the injury suffered; that is, the sequence was without interruption, without intervening independent cause. Ruffin Coal Co. v. Rich, 214 Ala. 633, 108 So. 596. If defendant desired definition to the effect proposed in his argument, he should have asked for it in a proper charge. That is one proper office of special charges in writing.

Another criticism of the charge is that it fails to hypothesize a finding "from the evidence." This proposition was settled against appellee in Walls v. Decatur Fertilizer Co., 215 Ala. 426, 428, 111 So. 214.

As for the objection that the complaint failed to allege a cause of action, we state our opinion, without further argument, that the complaint was sufficient to sustain a judgment rendered upon it.

■ The charges refused to appellant and made the basis of the twenty-seventh and thirtieth grounds of the motion were properly refused. They proceed upon the theory that, if appellant was a mere licensee, or was riding in defendant's automobile for her own pleasure, she could not recover for injuries inflicted through the negligence of defendant or his driver. Appellant, according to the undisputed evidence, was in the automobile on the express invitation of the defendant owner—she was an invitee, and the fact that it was her pleasure to accept the invitation did not relieve defendant or his agent of the duty to exercise at least ordinary care for her safety. Galloway v. Perkins, 198 Ala. 658, 73 So. 956; Perkins v. Galloway, 194 Ala. 265, 69 So. 875, L. R. A. 1916E, 1190. Appellee cites Crider v. Yolande Coal Co., 206 Ala. 71, 89 So. 285, but in that case the plaintiff was on defendant's

truck, not by invitation of the owner, nor indeed by the invitation of the driver of the truck, but merely by the tolerance of the driver—wherefore that case differs materially in its facts and legal aspects from the case in hand. So likewise Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906, cited by appellee in this connection, is without application in the circumstances of this case. The matter considered as of leading importance in that case was the definition of the relation between master and servant. In so much of the opinion as is represented by the seventeenth headnote the opinion is in accord with what was held in Crider's Case (though not cited), as was also the opinion in Lawrence v. Kaul Lumber Co., 171 Ala. 300, 55 So. 111, quoted in Perkins v. Galloway, supra.

■ Charge 32, by which we refer to the numbers used in the motion, refused to appellee, was properly refused, because it tended to absolve the driver of defendant's automobile of the duty to keep a reasonable lookout for dangers or obstructions when driving along a public road. We are not advised of any authority for the bald proposition of the charge as an instruction to the jury. True, it may be well settled "that persons using a public street" (including, as we think, any public way which is in constant use) "have a right to presume, and to act on the presumption, that the way is reasonably safe for ordinary travel" (meaning, as we think, travel pursued with ordinary care) "whether by day or night." Vance v. Morgan, 198 Ala. 149, 73 So. 406, and the authorities there cited. Nevertheless, the traveler is required to exercise ordinary care; that is, to act as a reasonably prudent and careful man would act, considering all the circumstances surrounding him. 13 R. C. L. p. 462, § 378, where a host of adjudicated cases is cited, including some of our own, viz. Dobbins v. Western Union, 163 Ala. 222, 50 So. 919, 136 Am. St. Rep. 69; and Bradford v. Anniston, 92 Ala. 349, 8 So. 683, 25 Am. St. Rep. 60. The charge pretermitted any statement of the traveler's duty in the premises. For this reason it was refused without error.

■ The plaintiff alleged that her "right arm was broken, the flesh lacerated and torn from the bone of plaintiff's left arm, her body and shoulder bruised; * * * she suffered great mental and physical pain in consequence thereof, was carried to a hospital in the town of Clanton, where she remained for a long period of time," etc. Plaintiff's testimony fully supported these allegations of her complaint, and, besides, showed that, speaking as of the time of the trial, "she is not able to do her housework as she used to." The court refused to defendant a charge as follows:

"I charge you that you cannot award the plaintiff any damages on account of her inability

to perform her household duties as a result of the injury complained of."

In the recent case of Birmingham Electric Co. v. Cleveland, 113 So. 403,[1] we quoted from Dowdall v. King, 97 Ala. 635, 12 So. 405, as follows:

"The plaintiff is not entitled to be redressed for any more than the wrong charged in the complaint, and such damages as naturally result from such wrongful act or such as are, in legal contemplation, its proximate result. Other damages are what is known in the law as special damages. * * * When it is sought to recover damages of this class, they must be specially averred in the complaint."

The necessary implication is, of course, that damages resulting naturally from the wrongful act charged may be recovered without special averment. The cases referred to, in view of the complaint and the evidence noted, justified the court in refusing the charge quoted above. As for the question of necessary data upon which to assess damages under this head, discussed in the brief for appellee, plaintiff was at least entitled to nominal damages, and therefore the charge in question, the general affirmative charge as to damages incurred by reason of plaintiff's inability to perform her household duties, was refused without error. In Birmingham Southern v. Lintner, 141 Ala. 420, 38 So. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461; and Southern Railway v. Crowder, 135 Ala. 417, 33 So. 335, cited by appellee, the husband was suing on account of an injury to his wife—a matter of an entirely different complexion. But no interpretation of those cases supports appellee's contention at this point because the question now raised was not then in issue. Appellee quotes 13 R. C. L. p. 1441, as follows:

"Modern statutes do not affect the husband's right to the services of his wife in and about the household"—thus far we are in perfect agreement with the quoted text—"and though she is entitled to sue for an injury to her person, she cannot, as a general rule"—what the exceptions are does not appear—"recover for loss of time or capacity to render ordinary household duties, the right to recover for such loss still remaining in the husband."

It will be conceded that there are cases sustaining the text; but there are some to the contrary. See editorial notes under Georgia Railroad v. Tice, 4 Ann. Cas. 200, and Colorado Springs Railway v Nichols, 20 L. R. A. (N. S.) 215. As for loss of permanent capacity, the rule is well stated in Hamilton v. Great Falls Railroad, 17 Mont. 351, 43 P. 713, in this language:

"Plaintiff's capacity to earn is her own, and she is entitled to recover for any diminution of her capacity to work that is shown to have resulted from the injury. * * * The capacity is her own, and for its impairment she can recover."

[1] 216 Ala. 455.

That this is good law as applied to the modern concept of the marriage relation, and the statutes affecting it, is too plain to admit of argument, and under the evidence it may be that the charge in question was not erroneously refused as dealing with permanent inability. But if, in deference to the learned argument of appellee's counsel, it be construed as having reference to the impaired ability of the plaintiff down to the time of the trial only, or to temporary inability only, we are still of opinion that it was refused without error. The husband, to the extent of his damage, may recover for the loss of his wife's ability to perform her household duties, as all authorities agree. But we find no sufficient reason for holding that the wife may not also recover to the extent of her damage for the same inability, whether permanent or temporary. There is no difference in principle between the cases of permanent and temporary disability of the wife; the only rational difference lies in the extent of recovery in the two cases. Whatever may have been the law of old, in this day and time the wife is in no sense the servant of the husband. She is no longer required to obey; she contributes her voluntary efforts to the maintenance of the conjugal establishment. What she does in the way of keeping the household is done for herself as well as for the husband. She is entitled to the comforts of well-kept home equally with him, and no sufficient reason appears why she should not have compensation for her share of the loss when caused by the wrong of another. Our opinion is, therefore, that, on any permissible interpretation of the charge, it was refused without error.

█ The charge made the basis of the twenty-eighth ground of the motion hypothesized a state of facts having no basis in the evidence, and was well refused.

Our opinion is that the case was tried in the first place without error to reverse, and that, in consequence, the motion for new trial should have been overruled. Accordingly, the judgment granting the new trial will be reversed, and the judgment which was set aside in the trial court will be reinstated.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

SAYRE, J. All other Justices having reached the opinion that the judgment under consideration should be affirmed, I dissent.

Affirmed.

All Justices concur, except SAYRE, J., who dissents.

PER CURIAM. █ The charge made the basis of the forty-sixth ground of defendant's motion for a new trial submits to the jury

62

the question of defendant's negligence in turning his car over to a known incompetent driver, as a basis for plaintiff's recovery. There was evidence tending to sustain the same, as shown in the opinion above, and the charge was not abstract. But the complaint did not seek recovery upon such alleged negligence as stated in the charge The charge, therefore, submitted to the jury a ground of defendant's liability not in issue under the pleadings. This constitutes reversible error under the decisions of this court. Louis Pizitz Dry Goods Co. v. Yeldell, 213 Ala. 222, 104 So. 526; Bradley v. Deaton, 208 Ala. 582, 94 So. 767; Pratt Consolidated Coal Co. v Davidson, 173 Ala. 667, 55 So. 886; Standard Oil Co. v Davis, 208 Ala. 565, 94 So. 754; Howard v. Brannan, 188 Ala. 532, 66 So. 433.

Upon a reconsideration, a majority of the court has reached the conclusion that the giving of said charge for the plaintiff justified the trial court in granting a motion for a new trial, and the judgment granting the same should be affirmed.

The rehearing is therefore granted, the judgment of reversal set aside, and the judgment of the court below affirmed.

Rehearing granted; judgment affirmed.

All the Justices concur, except SAYRE, J., who dissents.