(118 So. 172)

### CARTER v. PERRY.   (7 Div. 797.)

Supreme Court of Alabama.   June 28, 1928.

Rehearing Denied Oct. 11, 1928.

J. P. Mudd, of Birmingham, for appellant.

L. B. Rainey, of Gadsden, for appellee.

SAYRE, J. The plaintiff (appellee) in this case suffered injuries in the accident which furnished the basis of the suit in Thomas v. Carter (Ala. Sup.) 117 So. 634.[1] The jury returned a verdict for the defendant. On plaintiff's motion the court set aside the verdict and ordered a new trial. Defendant appeals from the judgment on the motion.

Defendant had turned his automobile, in which he and the plaintiff were riding with others, over to Jewel Thomas, who was driving it for him, when the accident happened in which plaintiff was hurt. Counts 1 and 2 of the complaint, like the complaint described in the report of Thomas v. Carter, presented in the alternative an alleged case of negligence on the part of defendant in the operation of the car or negligence on the part of the driver for which responsibility was charged to defendant under the doctrine of respondeat superior. Count 3 charged negligence to the driver, alleged to have been "acting under the authority of and with the consent of defendant." Defendant offered no evidence. Clearly enough, the evidence disclosed a case in which defendant might have been held liable under the doctrine of respondeat superior, and, it may be, under the other charge made in the complaint. We do not mean to say that liability in any sort was shown as matter of law, but only that the jury would have been well justified in

[1] Ante, p. 55.

drawing the inference of liability. In other words, the question of liability was one for jury decision.

The court, in its oral charge to the jury, instructed them, in effect, that plaintiff's right to recover depended upon the question whether she had been able to show that defendant had been negligent in turning over the driving of his automobile to Jewel Thomas, who was driving it at the time of the accident, and that his negligence in that respect proximately caused the accident. In this the court instructed the jury substantially in the language of the charge shown in the forty-sixth assignment of error in the case of Thomas v. Carter (Ala. Sup.) 117 So. 634, supra.[1] We have held that the giving of this charge in that case was error, for which the judgment for plaintiff there rendered should have been set aside on defendant's motion. But we were far from holding that the charge to which we have referred as having been considered in that case was a complete or adequate statement of the whole law of negligence there involved. And, however that may have been, there is no exception here based upon the sufficiency of that statement of the law. In the present case the evidence offered to show the driver's incompetency was much less persuasive than was the evidence on that point in Thomas v. Carter, and yet the court, instructing the jury, made the case to turn upon the issue whether defendant Carter had negligently turned the management of the car over to an incompetent driver, wholly omitting any statement concerning the matter of negligence in the management of the car, which last, under the complaint and the undisputed evidence, was really the most important issue in the case. There was no specific exception to this manner of stating the case to the jury; but the trial court, on consideration of a motion based on the grounds that the verdict was contrary to the weight of the evidence, contrary to the law of the case, and various other grounds, referring to the action and rulings of this court in Thomas v. Carter, "having considered the entire record in this case," and being "of opinion that the plaintiff in this case was entitled to recover," set aside the verdict and judgment. That judgment and order of the court is now the only ruling under review.

There was error of law in the trial of this cause, but no adequate exceptions were reserved, and such errors were not available on the motion for a new trial. However, much must be conceded to the judgment of the trial court on the general merits of the case, and, that court having been of opinion that the ends of justice were not served by the verdict, and having set aside the verdict on that ground, this court will not interfere to prevent another trial in which the rights of the parties may be properly ascertained and declared.

The judgment of the trial court setting aside the verdict will be affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

